UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EHO360, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:21-CV-0724-B |
| § | |
| NICHOLAS OPALICH and TAMMY § | |
| RADCLIFF, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Nicholas Opalich (Opalich) and Tammy Radcliff (Radcliff) (collectively, Defendants)'s Objections to Magistrate Judge David L. Horan's June 7, 2022 Order granting Plaintiff EHO360, LLC (EHO)'s Motion to Compel and Request for Discovery Sanctions (Doc. 70), and Prospective Intervenor HospisRx, LLC (HospisRx)'s Limited Motion to Intervene (Doc. 72) (the Motion to Intervene). For the reasons given below, the Court **OVERRULES** the Objections to the Magistrate Judge's Order granting Plaintiff's Motion to Compel and **DENIES** HospisRx's Motion to Intervene.

### I.

### BACKGROUND

This dispute arises from two high-level executives' alleged involvement in a business venture competing with their former employer. EHO is a "prescription claims processor and pharmacy benefit manager" (PBM). Doc. 42, 2d Am. Compl., ¶ 8. In February 2019, EHO hired Opalich as its Chief Executive Officer. *Id.* ¶ 15. Opalich signed an employment agreement that contained, among other provisions, noncompete, nonsolicitation, and confidentiality restrictions. *See id.* ¶¶ 16–21. In July

2020, "EHO hired Radcliff . . . as its Executive Vice President of Hospice PBM Division." *Id.* ¶ 24. Radcliff also signed an employment agreement that contained, among other provisions, noncompete and confidentiality restrictions. *See id.* ¶¶ 25–29. EHO terminated Opalich's employment in September 2020. *Id.* ¶ 46. Radcliff notified EHO of her resignation in March 2021. *Id.* ¶ 58.

In March 2021, EHO filed suit against Opalich, Radcliff, and HospisRx.[1] Doc. 1, Compl., ¶¶ 3–4, 7. EHO claims that Opalich and Radcliff "breached their contractual and fiduciary duties to EHO, pilfered EHO's confidential and proprietary information, and are using EHO's confidential and proprietary information to operate a competing business"—HospisRx. Doc. 42, 2d Am. Compl., ¶¶ 1, 6.

In May 2021, EHO moved for a preliminary injunction to prevent Opalich, Radcliff, and HospisRx from "disclosing or using EHO's confidential information," which EHO claimed Opalich and Radcliff had transferred to HospisRx. Doc. 13, Mot. Prelim. Inj., 1. A few days later, HospisRx moved to dismiss the claims against it for lack of personal jurisdiction. Doc. 15, Mot. Dismiss. The Court set a hearing on the two motions for July 16, 2021. Doc. 22, Order Setting Briefing & Hr'g. As briefing proceeded, on June 16, 2021, EHO filed a motion to expedite discovery, requesting leave to serve requests for productions on Opalich, Radcliff, and EHO, and to conduct limited depositions of Opalich, Radcliff, and EHO's corporate representative. Doc. 26, Mot. Expedite Disc. Finding that "[EHO]'s discovery requests [were] expansive . . .[,] the Court ha[d] not yet ruled on [HospisRx's] motion to dismiss . . . [and] formal discovery w[ould] not commence for at least several weeks" and

---

[1] EHO's original suit also brought claims against Crevice Capital Partners, LLC and HealthView Capital Partners, LLC. Doc. 1, Compl. The claims against these parties were dismissed for lack of personal jurisdiction and are not relevant to the present motions, so for simplicity's sake the Court does not discuss those parties in this fact recitation. *See generally EHO360, LLC v. Opalich*, 2021 WL 3174502, at *10 (N.D. Tex. July 27, 2021).

because the motion was filed almost a month after the motion for preliminary injunction and only a month before the July 16 hearing, the Court exercised its discretion to deny the request for expedited discovery on the preliminary injunction and jurisdictional issues. Doc. 33, Order, 3–4.

Two days before the July 16, 2021 motion hearing, EHO filed a Motion for a Protective Order of Confidentiality. Doc. 34, Mot. Protective Order. This motion stated:

> EHO anticipates that certain documents and information likely to be produced or disclosed by the Parties and third-parties during the course of pre-trial proceedings, the currently scheduled injunction hearing, and discovery may contain material that the producing/disclosing party considers to be confidential, such as non-public commercial information that is technical or commercially advantageous to its possessor, confidential personnel information, and other protectable information. As a result, EHO's counsel forwarded via email a draft stipulated protective order of confidentiality for Defendants' consideration on July 12, 2021.
> On July 14, 2021, counsel for the Parties met and conferred regarding the substance of the proposed protective order. During that conference, counsel for Defendants and Plaintiff agreed on the form and substance of a draft protective order, which is the document attached as **Exhibit A**. Despite agreeing to the form and substance of **Exhibit A**, however, counsel for Defendants advised that they would not stipulate to the entry of a protective order while the Defendants have pending motions to dismiss for lack of jurisdiction.
> In light of Parties' agreement on everything other than timing of the filing, and in the interest of ensuring that the Parties' interests are protected in advance of the preliminary injunction hearing and in discovery, EHO seeks the relief of the Court in the form of entering the attached proposed protective order.

*Id.* ¶¶ 2–4. The motion's Certificate of Conference stated: "Counsel for Defendants [who then included HospisRx] advised that they agree to the form and substance of the proposed order attached to this Motion, but would not join in the submission of it prior to hearing on Defendants' pending motions." *Id.* at 5. On July 15, 2021, the Court granted the motion for entry of a protective order and entered the Protective Order that had been submitted by EHO as Exhibit A to that motion. Doc. 35, Elec. Order; Doc. 36, Protective Order.

At the July 16, 2021 hearing, the Court ruled that it lacked personal jurisdiction over HospisRx. *See* Doc. 39, Order Denying Prelim. Inj., 8. The Court also denied EHO's motion for a preliminary injunction, emphasizing that "on the current record . . . Plaintiff . . . has no evidence that i[t] has actually lost customers to HospisRx," which was "newly formed." *Id.* at 11. Noting that EHO "stands in a unique position" because its alleged competitor was still becoming operational the Court allowed EHO to "again move for a preliminary injunction" if it "[s]hould . . . discover new evidence warranting a preliminary injunction during the course of discovery." *Id.* at 11–12. HospisRx was terminated as a party to the action on July 27, 2021. *See generally Opalich*, 2021 WL 3174502.

The claims against Opalich and Radcliff proceeded and the Court entered a scheduling order. *See* Doc. 42, 2d Am. Compl; Doc. 50, Am. Scheduling Order. EHO served its initial discovery requests on Defendants on October 12, 2021. Doc. 60-1, Mot. Compel Ex. A, 3. Discovery did not run smoothly and on April 15, 2022, EHO filed its Motion to Compel, alleging that despite multiple requests, conferences, and supplemental productions, Opalich and Radcliff's discovery responses and document production continued to be deficient. Doc. 60, Mot. Compel, 4–5. Specifically, EHO alleged that Defendants' "second supplemental production did not remedy Opalich's and Radcliff's refusal [to] disclose other information related to HospisRX and other competing business opportunities, which they expressly stated they were withholding" on relevance grounds. *Id.* at 5–6. This Court referred the Motion to Compel to Magistrate Judge Horan, who on June 7, 2022, granted the Motion to Compel and ordered Opalich and Radcliff to produce the disputed information. Doc. 69, Elec. Order Granting Mot. Compel. Defendants timely filed Objections to Judge Horan's Order. Doc. 70, Objs. On June 23, 2022, HospisRx filed its Motion to Intervene, seeking to intervene as of right for the limited purpose of obtaining a protective order to safeguard HospisRx's

confidential information subject to Judge Horan's Order. Doc. 72, Mot. Intervene. Defendants' Objections and HospisRx's Motion to Intervene are ripe for review and the Court addresses them in turn.

## II.

## LEGAL STANDARDS

### A. *Objections Under Rule 72*

A party has fourteen days to file objections to a magistrate judge's written order deciding a non-dispositive pretrial matter referred by the district court. Fed. R. Civ. P. 72(a). When objections are filed, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

### B. *Intervention Under Rule 24*

Federal Rule of Civil Procedure 24(a)(2) allows intervention as of right when the movant shows:

> (1) the application for intervention [is] timely; (2) the applicant [has] an interest relating to the property or transaction which is the subject of the action; (3) the applicant [is] so situated that the disposition of the action may, as a practical matter, impair [its] ability to protect that interest; (4) the applicant's interest [is] inadequately represented by the existing parties to the suit.

*Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512 (5th Cir. 2016) (quoting *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015)). Timeliness is a threshold requirement for which the court considers four factors:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is

>denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Id.* at 512–13 (quoting *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001)). "The timeliness inquiry 'is contextual' . . . [and] 'is not limited to chronological considerations but "is to be determined from all the circumstances."'" *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (first quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994); and then quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977)). "Timeliness under mandatory intervention is evaluated more leniently than under permissive intervention." *Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021). Ultimately, intervention should be permitted "when no one would be hurt and the greater justice could be attained." *Wal-Mart Stores, Inc.*, 834 F.3d at 565 (quoting *Espy*, 18 F.3d at 1205).

### III.

### ANALYSIS

A.  *Defendants' Objections (Doc. 70) to the Magistrate Judge's Discovery Order Are Overruled*

Defendants object to Judge Horan's Order granting EHO's Motion to Compel for the following reasons: First, its "citation to *Samsung* for its proposition that the party moving to compel does not have the initial burden of showing relevancy or proportionality . . . improperly conflates the lack of initial burden with the lack of any burden, thus removing any responsibility for EHO to justify its requests and/or the Motion to Compel." Doc. 70, Objs., 5 (emphasis omitted). Second, it "ignores Defendants' discovery responses, document production, and certifications that they produced all information, documentation, and communications related to EHO." *Id.* Third, "it . . . ignores HospisRx's previous dismissal from this Case and permits the disputed discovery requests to serve as

a work-around for EHO to obtain information and documentation belonging to HospisRx." *Id*. Fourth, its award of attorneys' fees to EHO was improper. *Id*. The Court will address each objection.

### 1.      Burden For Discovery Requests

Judge Horan found that the party moving to compel does not bear "an initial burden . . . to show clearly that (as Rule 26(b)(1) now provides) the information sought is relevant to any party's claim or defense and proportional to the needs of the case." Doc. 69, Elec. Order. Citing in part to *Samsung Elec. Am. Inc. v. Chung*, 325 F.R.D. 578 (N.D. Tex. 2017), he explained his disagreement with courts who have placed a "threshold" burden on the party seeking discovery to show relevance and proportionality. *Id*.

Defendants object that this is contrary to Fed. R. Civ. P. 34 because "*Samsung*, and the cases that come after it, do not remove *all* burden from the moving party" to show relevance and proportionality, as Defendants claim Judge Horan did in granting the Motion to Compel. Doc. 70, Objs., 5, 8, 10. Defendants claim that EHO did not carry its burden because it made only "sweeping and generalized statements of alleged need, relevancy, and proportionality." *Id.* at 9. Moreover, Defendants claim that Judge Horan's decision to grant "such broad discovery is contrary to his previous decisions." *Id*. at 10.

The Court finds that Judge Horan's decision was not contrary to law. *See Staton Holdings, Inc. v. Russell Athletic, Inc.*, 2010 WL 1372479, at *2 (N.D. Tex. Apr. 7, 2010). Under Rule 26(b)(1), "information is relevant if it 'bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.'" *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022) (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)). Judge Horan found EHO's discovery requests were relevant and proportionate in part because this Court's prior order

denying entry of a preliminary injunction was not an adjudication of the merits of EHO's claims against Defendants or HospisRx, *see* Doc. 69, Elec. Order (citing *Jonibach Mgmt. Tr. v. Wartburg Enterprises, Inc.*, 750 F.3d 486, 491 (5th Cir. 2014)), and he acted consistently with the law in declining to place an initial burden to prove relevance and proportionality on the party seeking the evidence. *See Staton Holdings, Inc.*, 2010 WL 1372479, at *2. Ultimately, Judge Horan accepted EHO's characterization of the disputed evidence as reasonably calculated to lead to the discovery of admissible evidence and rejected Defendants' contrary characterizations. Doc. 69, Elec. Order ("The Court is not persuaded that Defendants have met their burden to show the discovery requests seek information that is not relevant to a claim or defense in this case or proportional to the needs of the case because Defendant[s] deny EHO[']s allegations . . . ."). Further, decisions about relevance and proportionality depend on the facts of the individual case, so Judge Horan did not act contrary to law by approving discovery here that he might have found inappropriate in another case. The Court **OVERRULES** this objection.

    2.    <u>Defendants' Prior Responses and Production</u>

Defendants object that Judge Horan's Order "ignores Defendants' discovery responses, document production, and certifications that they produced all information, documentation, and communications related to EHO." Doc. 70, Objs., 5. The Court finds that Judge Horan's Order did not ignore but considered Defendants' prior responses, production, and certification. *See* Doc. 69, Elec. Order (addressing Defendants' contention that "the documents that they have produced 'make it abundantly clear that Plaintiff has never had, nor will Plaintiff ever establish, a good-faith claim against the Defendants.' Dkt. No. 63 at 6."). Judge Horan's Order is not contrary to law on this point and the Court **OVERRULES** this objection.

3.      HospisRx's Prior Dismissal

Defendants object that Judge Horan's Order "ignores HospisRx's previous dismissal from this Case and permits the disputed discovery requests to serve as a work-around for EHO to obtain information and documentation belonging to HospisRx." Doc. 70, Objs., 5. The Court finds that Judge Horan's Order is not contrary to law on this point. Judge Horan specifically considered arguments related to HospisRx's dismissal and the Court's prior denial of a preliminary injunction. Doc. 69, Elec. Order. He then declined to "engage in a preemptive merits analysis to determine whether [EHO] is entitled to discovery on the claim that it has pleaded and is pursuing" or "excuse[] [Defendants] from being subjected to . . . discovery . . . relevant to a claim on which [Defendants] believe[] . . . [they] will or should prevail." Doc. 69, Elec. Order (first alteration in original) (first quoting *Firebirds Int'l, LLC v. Firebird Rest. Grp.*, LLC, 2018 WL 3655574, at *16 (N.D. Tex. July 16, 2018); and then citing *Heller v. City of Dallas*, 303 F.R.D. 466, 489 (N.D. Tex. 2014)). This was not contrary to law and the Court **OVERRULES** this objection.

4.      Attorneys' Fees

Defendants object that Judge Horan's award of attorneys' fees to EHO was improper. Doc. 70, Objs., 5. Judge Horan found:

> Defendants['] . . . objections to the requests at issue were not substantially justified for the reasons explained above; that Plaintiff EHO360, LLC filed its motion to compel only attempting in good faith to obtain the discovery without court action; that no other circumstances make an award of expenses unjust; and that Defendants Nicholas Opalich and Tammy Radcliff must be required under Federal Rule of Civil Procedure 37(a)(5)(A) to, jointly and severally, reimburse Plaintiff EHO360, LLC for its attorneys' fees that Plaintiff EHO360, LLC incurred in having its attorneys draft the motion to compel . . . and reply in support . . . . And the Court determines that a hearing is not needed where the "opportunity to be heard" that Federal Rule of Civil Procedure 37(a)(5)(A) requires may be provided "either on written submissions or in an oral hearing," and this Rule 37(a)(5) fee-shifting issue was sufficiently raised by EHO's motion and addressed by Defendants' response to satisfy this requirement.

Doc. 69, Elec. Order (citations and quotation marks omitted).

The Court finds that Judge Horan's determinations that the award of fees was justified and that no hearing was necessary because the fee-shifting provision had been sufficiently raised and briefed are not contrary to law. The Court **OVERRULES** this objection.

B.   *HospisRx's Motion to Intervene (Doc. 72) Is Denied as Untimely*

The Court now turns to would-be intervenor HospisRx's Motion for Intervention (Doc. 72). HospisRx claims that it "satisfies all four criteria" for intervention as of right under Federal Rule of Civil Procedure 24(a)(2) and therefore "must be granted status as an intervenor for the purposes sought in this motion." Doc. 72, Mot. Intervene, 5. Because the Court finds that HospisRx motion to intervene as of right for this limited purpose is not timely, the Court **DENIES** the motion on that basis without considering the other three factors.[2]

As discussed above, courts are to consider four factors in determining the timeliness of the motion to intervene:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave

---

[2] EHO also argues (and HospisRx disputes) that HospisRx could not voluntarily intervene in this action for any purpose without submitting to the Court's personal jurisdiction. Doc. 76, Resp., 3–4; Doc. 78, Reply, 2–4. Without deciding whether HospisRx could continue to object to the Court's personal jurisdiction if it is ever allowed to intervene in this action for any purpose, the Court finds that HopsisRx has not waived its objection to the Court's exercise of personal jurisdiction by filing the instant motion. *Cf. PaineWebber Inc. v. Chase Manhattan Priv. Bank (Switz.)*, 260 F.3d 453, 460 (5th Cir. 2001) (explaining that a party "seeking to avoid the court's jurisdiction" may waive the objection to personal jurisdiction when it "[chooses] to commence the action or a related action in the very forum in which it is contesting personal jurisdiction . . . assert[s] counterclaims for affirmative relief; . . . [or] litigate[s] extensively on the merits before making any jurisdictional objections"); *Brokerwood Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 380 (5th Cir. 2004) (finding that a defendant who asserted a personal-jurisdiction defense in its answer but then "participated in a scheduling conference, provided initial disclosure, filed a motion to strike the jury demand (which was ruled on by the court), and filed interrogatories, requests for production, and a witness list" before filing its motion to dismiss for lack of personal jurisdiction did not waive its objection to the court's exercise of personal jurisdiction).

> to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sommers*, 835 F.3d at 512–13 (quoting *Ford*, 242 F.3d at 239).

        1.      Length of Delay

HospisRx argues that its application for intervention is timely because it filed this motion soon after "it became aware that its interests would no longer be protected by the original parties." Doc. 72, Mot. Intervene, 5 (quoting *Swoboda v. Manders*, 665 F. App'x 312, 314 (5th Cir. 2016) (per curiam)). HospisRx argues that because it filed its motion "to intervene for the limited purpose of filing a Motion for Protective Order" only fifteen days after the magistrate judge granted EHO360's motion to compel, the application is timely under *Swoboda*, a case considering "the same relief in the same procedural posture" and finding a motion to intervene timely when it was filed forty-five days after denial of a motion for reconsideration of an order compelling discovery. *Id.* at 6. HospisRx also argues that the Court should not consider its prior status as a party because "the discovery requests giving rise to this dispute were tendered nearly three months after HospisRx's dismissal." *Id.*

EHO argues that "HospisRX knew EHO had sought these documents and communications from Defendants in discovery, and that EHO had moved to compel Defendants to produce these documents and communications, [but] it did not seek a protective order at the time EHO served its discovery requests or at the time EHO filed its Motion to Compel" and instead "unreasonably waited until after Judge Horan's Order to make this request." Doc. 76, Resp., 2, 8.

To begin, the Fifth Circuit has clearly "held that delay is measured '*either* from the time the applicant knew or reasonably should have known of his interest *or* from the time he became aware

that his interest would no longer be protected by the existing parties to the lawsuit.'" *Rotstain*, 986 F.3d at 937 (quoting *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996)).

Though HospisRx argues that only the second of these starting points is applicable here, the Court considers the applicability of each. Doc. 72, Mot. Intervene, 6. The Court finds that, unlike the prospective intervenor in *Swoboda*, HospisRx did not first become aware that its interests would no longer be protected by the original parties when Judge Horan granted the motion to compel. *See Swoboda*, 665 F. App'x at 314. The differences are in the type of interest asserted and in the relationship between the would-be intervenor and the existing defendants.

First, *Swoboda* involved the would-be intervenor's assertion of the attorney–client privilege or attorney work-product privilege, not a claim of confidential or proprietary information as is at issue here. *See id.* at 314–15. Unlike in the present case, the privilege defenses could not be asserted by the nonparty, so the disputed materials were only discoverable absent intervention. *See id.* Here, HospisRx can protect its confidentiality interest through the existing Protective Order, *see infra* Section III(B)(3), and does not seek to assert a privilege that would exempt these materials from discovery. *See* Doc. 72, Mot. Intervene.

Second, the would-be intervenor in *Swoboda* was not closely tied to the defendant or central to the claims at issue, as is the would-be intervenor here. The *Swoboda* intervenor was a company that had hired an investigative firm whose actions allegedly harmed the plaintiff, an employee of the intervenor company's competitor. 665 F. App'x at 313. Here, Defendants are employed *by HospisRx*, Defendants allegedly transferred the contested confidential information *to HospisRx*, and Defendants are represented by the *same counsel as HospisRx*.[3] *See* Doc. 5, Am. Compl., ¶¶ 49–53; Doc. 76, Resp.,

---

[3] The Court does not imply that the fact that Defendants and HospisRx share the same counsel weighs heavily in the Court's analysis—it does not. However, given that the timeliness analysis is contextual,

8; *see also* Docket, 3:21-cv-0724-B, *EHO 360, LLC v. Opalich et al.* (N.D. Tex. filed March 29, 2021); Doc. 15, Mot. Dismiss, 2 (showing that HospisRx's motion to dismiss was signed by present lead counsel for Defendants).

HospisRx has been aware throughout this litigation that EHO sought discovery of this information *and* of the possibility that its interests diverge from Defendants'. *See* Doc. 13, Mot. Prelim. Inj., 1 (stating EHO sought a preliminary injunction related to EHO's confidential information allegedly transferred to HospisRx); Doc. 26, Mot. Expedite Disc. (seeking expedited discovery from HospisRx related to this confidential information); Doc. 34, Mot. Protective Order (acknowledging that counsel for the then-parties, including HospisRx, had conferred about the need for a protective order to safeguard the confidential information of parties and third-parties). HospisRx has also been on notice that the Court had not ultimately decided whether such information might prove relevant to the case and therefore be discoverable. *See* Doc. 39, Order Den. Prelim. Inj., 11–12 (July 20, 2021) (noting that EHO "stands in a unique position" because HospisRx was still becoming operational and allowing EHO to "again move for a preliminary injunction" if it "[s]hould . . . discover new evidence warranting a preliminary injunction during the course of discovery"). Moreover, in July 2021, HospisRx agreed "on the form and substance" of the Protective Order entered in this case to address the then-parties'—including HospisRx's—concerns about disclosure of confidential information in discovery. Doc. 34, Mot. Protective Order, 2; Doc. 35, Elec. Order; Doc. 36, Protective Order. Further, HospisRx has been on notice that EHO seeks this specific

---

the Court considers this a relevant factor to be considered together with others. *See Wal-Mart Stores, Inc.*, 834 F.3d at 565. However, the Court would reach the same conclusion even without considering the shared counsel.

information at minimum since the discovery requests were served in October 2021. *See* Doc. 60-1, Mot. Compel Ex. A.

For these reasons, and because the limited intervention HospisRx now seeks is for entry of a supplemental protective order, the Court finds that HospisRx knew of its interest in this action and in the confidential information now sought by EHO since at minimum October 2021 when the discovery requests were served. *See id.* HospisRx also knew at that time that its interest might not be fully protected by Defendants, in part because Defendants are its employees and it was aware of the terms of its employment agreements with them. *See* Doc. 72, Mot. Intervene, 7–8. The Court therefore rejects HospisRx's assertion that it should start the clock on the delay analysis upon decision of the motion to compel, as in *Swoboda*. *See* 665 F. App'x at 314; *see also Rotstain*, 986 F.3d at 937.

The Court thus finds that this motion to intervene was filed more than nine months after the discovery requests at issue were served and that the instant motion's timeliness should be calculated from that time, not the date of Judge Horan's Order. This factor therefore weighs in favor of finding that intervention is not timely sought. *See Mohammad v. Toyota Motor Corp.*, 2012 WL 12884573, at *2 (N.D. Tex. Oct. 22, 2012)(finding untimely intervention sought seven months after prospective intervenor knew or should have known of its interest); *cf. Rotstain*, 986 F.3d at 938 (contrasting cases where filing was found to be timely when made within a matter of weeks or one month with a "significant" 18-month delay and finding the motion untimely filed).

   2. <u>Prejudice to EHO and Defendants by the Delay</u>

HospisRx does not address whether EHO and Defendants might be prejudiced by HospisRx's failure to seek intervention sooner. *See* Doc. 72, Mot. Intervene, 6. EHO also does not directly

address this but argues that if HospisRx is allowed to intervene then the Court should deny limited intervention and allow EHO to file an amended complaint reasserting its claims against HospisRx. Doc. 76, Resp., 5.

Assuming arguendo that HospisRx could intervene in this case without waiving its objection to this Court's exercise of personal jurisdiction, the Court finds that allowing the intervention and entry of a supplemental protective order would prejudice EHO by further delaying the discovery process and by disrupting the processes set in place by a Protective Order to which all parties agreed more than a year ago. *See id.* at 8. Or, if HospisRx cannot intervene without fully subjecting itself to the Court's jurisdiction, the action will be delayed if EHO receives leave to amend its complaint and reassert its claims against HospisRx. *See id.* at 5 (requesting leave to amend). In either scenario, resolution of this action will be significantly delayed—a delay that could have been significantly reduced had HospisRx sought intervention earlier. The Court finds this factor therefore favors a finding of untimely filing.

### 3.     Prejudice to HospisRx if Intervention Is Denied

HospisRx argues that it will be prejudiced if intervention is denied because the existing protective order in this case, to which its confidential information will be subject, sets up a document-by-document review process for confidential documents that will lead to "prohibitive costs" for complying with Judge Horan's Order, and because its interests are not exactly aligned with those of its employees, the current Defendants. Doc. 72, Mot. Intervene, 9.

EHO responds that the existing Protective Order adequately shields HospisRx's interest in its confidential information. Doc. 76, Resp., 7 (citing *TNA Austl. Pty Ltd. v. PPM Techs., LLC*, 2018 WL 2010277, at *15 (N.D. Tex. Apr. 30, 2018)).

The Court finds that HospisRx will not be unduly prejudiced if intervention is denied because it has not shown that the existing Protective Order does not adequately shield its interest in its confidential information. HospisRx argues only that the existing process will be "cumbersome" and more costly than it would prefer; it does not argue that it will be insufficient or ineffective. *See* Doc. 72-1, Proposed Mot. Protective Order, 6–7. The Court finds this factor is generally neutral.

### 4. Unusual Circumstances

HospisRx does not argue that unusual circumstances militate for a determination that the application is timely. *See* Doc. 72, Mot. Intervene, 6. EHO has not addressed this factor. *See* Doc. 76, Resp.

For the same reasons explained in the delay analysis above, the Court finds that unusual circumstances support a finding of untimeliness in this case. First and most important, HospisRx seeks limited intervention to move for entry of a supplemental protective order when it already agreed to the form and substance of the confidentiality provisions in the Protective Order now in place. *See* Doc. 34, Mot. Protective Order, 5; Doc. 35, Elec. Order; Doc. 36, Protective Order. Second, HospisRx is represented by the same counsel as Defendants and has been aware of both the documents sought and any limitations potentially imposed by confidentiality agreements it has imposed on Defendants—its employees—since at least October 2021. *See* Doc. 5, Am. Compl., ¶¶ 49–53; Doc. 76, Resp., 8; *see also* Docket, 3:21-cv-0724-B, *EHO 360, LLC v. Opalich et al.*; Doc. 15, Mot. Dismiss, 2 (showing HospisRx's motion to dismiss signed by present lead counsel for Defendants).

In sum, three factors favor a finding of untimeliness and the fourth is arguably neutral. Therefore, the Court finds that HospisRx's application for intervention as of right is untimely. "Since

timeliness is a requirement for mandatory intervention" the Court **DENIES** the motion for intervention on this basis alone and "need not address the other factors for intervention." *See Rotstain*, 986 F.3d at 942.

## IV.

## CONCLUSION

For the reasons given above, the Court **OVERRULES** Defendants' Objections (Doc. 70) to Judge Horan's Order granting EHO's Motion to Compel (Doc. 69). The Court **DENIES** HospisRx's Motion to Intervene (Doc. 72).

**SO ORDERED**.

**SIGNED: August 5, 2022.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE