UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EHO360, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21-cv-00724-B |
| | ) | |
| NICHOLAS OPALICH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## PLAINTIFF EHO360, LLC'S MOTION FOR ATTORNEYS' FEES AND COSTS AND SUPPORTING BRIEF

## TABLE OF CONTENTS

**Page**

FACTUAL BACKGROUND ..................................................................................1

ARGUMENT AND AUTHORITIES ......................................................................3

    A.  EHO is Entitled to Recover its Reasonable Attorneys' Fees from Opalich. ...............3

    B.  EHO's Requested Attorneys' Fees Are Reasonable. ....................................................6

        1. Applicable Legal Standards ...............................................................6

        2. EHO's Requested Fees Are Presumptively Reasonable. ..................................7

        3. The Hours Spent By EHO's Counsel Were Reasonable and Necessary............8

            a. Opalich and His Counsel's Litigation Tactics Required EHO's Counsel to Expend Significant Time and Resources Prosecuting this Case. ........................................................................8

            b. EHO Properly Segregated its Attorneys' Fees under Texas Law. ........11

        4. The Hourly Rates for EHO's Counsel Are Reasonable. ...................................13

        5. The *Arthur Anderson* Factors Further Support EHO's Requested Fee Award.......................................................................................14

        6. EHO is Entitled to Fees for any Future Appeal. .............................................15

    C. EHO is Entitled to Recover its Costs from Opalich. ....................................................16

CONCLUSION.....................................................................................................16

CERTIFICATE OF CONFERENCE.......................................................................17

CERTIFICATE OF SERVICE ...............................................................................18

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*9503 Middlex, Inc. v. Continental Motors, Inc.*, 834 Fed.Appx. 865 (5th Cir. 2020) ..................................................................................................................15

*Am. Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482 (5th Cir. 2004) .................................................................................................................. 6-7

*Arthur Anderson & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997) .................7, 14

*Coffel v. Stryker Corp.*, 284 F.3d 625 (5th Cir. 2002) ................................................4, 6

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ..............................................................14

*Mathis v. Exxon Corp.*, 302 F.3d 448 (5th Cir. 2002) ......................................................3

*McClain v. Lufkin Indus., Inc.*, 649 F.3d 374 (5th Cir. 2011) ....................................13

*Michaels Stores Procurement Co. v. DMR Construction, Inc.*, 2019 WL 399074 (N.D. Tex. Jan. 31, 2019) (Boyle, J.) ..............................................................14, 16

*Miller v. Raytheon Co.*, 2013 WL 6838302 (N.D. Tex. Dec. 27, 2013)........................14

*Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019)......................4

*Sandberg v. STMicroelectronics, Inc.*, 600 S.W.3d 511 (Tex. App.—Dallas 2020, pet. denied)..............................................................................................4

*Structural Metals, Inc. v. S&C Elec. Co.*, 590 Fed.Appx. 298 (5th Cir. 2014) ............................6

*Tollett v. City of Kemah*, 285 F.3d 357 (5th Cir. 2002) ..................................................13

*Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2006) ........................................11, 13

*Tucker v. Thomas*, 419 S.W.3d 292 (Tex. 2013) ..........................................................3

*Ventling v. Johnson*, 466 S.W.3d 143 (Tex. 2015) ..................................................4, 15

**Statutes**

28 U.S.C. § 1920 ....................................................................................................16

Tex. Civ. Prac. & Rem. Code § 38.001 ..............................................................4, 6, 15

Tex. Civ. Prac. & Rem. Code § 38.003 .................................................................. 6-7

Tex. Civ. Prac. & Rem. Code § 38.004 ......................................................................6

**Other Authorities**

Federal Rule of Civil Procedure 54 ...........................................................................1, 15

Pursuant to Federal Rule of Civil Procedure 54(d) and the Court's Findings of Fact and Conclusions of Law entered on April 4, 2023 (ECF Doc. 165), Plaintiff EHO360, LLC ("EHO") files this Motion for Attorneys' Fees and Costs and Supporting Brief, and in support thereof would respectfully show the Court as follows:

## FACTUAL BACKGROUND

EHO commenced this action against Defendant Nicholas Opalich and multiple other defendants on March 29, 2021. *See* ECF Doc. 1. All of EHO's claims against Opalich and the other defendants arise from Opalich's repeated misuse of EHO's confidential information to form and operate a competing business in concert with the other defendants. *See generally* ECF Doc. 1. Specifically, EHO has alleged from the outset that: (a) Opalich breached his employment agreement with EHO by, among other things, "disclosing EHO's confidential information and using it for his own and others' benefit . . . and failing to return EHO's confidential information upon the termination of his employment;" (b) Opalich breached his fiduciary duties to EHO by, among other things, "disclosing EHO's confidential information and using it for his own and others' benefit;" and (c) Opalich fraudulently induced EHO to pay him more than $70,000 in severance by falsely representing to EHO that he had returned all of EHO's confidential information, permanently deleted all of EHO's confidential information from any personal devices, and did not share or disclose any of EHO's confidential information. *See* ECF Doc. 1 ¶¶ 58, 62, 65.

From the time EHO commenced this action, Opalich and his counsel have not only denied EHO's claims, they have repeatedly called them baseless, frivolous, and fabricated, and they have claimed that EHO and its counsel should be sanctioned for even pursuing this action. For instance, on May 28, 2021, Opalich and the other defendants filed a Motion to Dismiss in which they

1

claimed that EHO's "only purpose in filing this lawsuit is to harass Defendants" and categorically denied that any of them even possessed any of EHO's confidential information.  *See* ECF Doc. 16 at pp. 1, 17.  On June 9, 2021, Opalich and the other defendants filed their opposition to EHO's Motion for Preliminary Injunction, in which they called EHO's lawsuit a "farce" and claimed it was based on "false allegations."  *See* ECF Doc. 20 at p. 1.

When EHO sought discovery from Opalich, he stonewalled and refused to produce plainly relevant documents related to HospisRx, LLC ("HospisRx")—the competing business he had formed using EHO's confidential information—because he claimed he did not possess, and had not used any of EHO's confidential information in the formation or operation of HospisRx.  *See* ECF Doc. 63.

After the Court granted EHO's Motion to Compel and imposed significant monetary sanctions on Opalich, Opalich produced numerous documents and provided deposition testimony proving beyond any reasonable dispute that he had repeatedly misused EHO's confidential information.  Nevertheless, Opalich and his counsel subsequently filed a Motion for Summary Judgment in which they argued "there is no factual support" for EHO's claims and went so far as to request "appropriate sanctions for EHO's frivolous continuation of this lawsuit and unwarranted disruption of their efforts to build HospisRx."  *See* ECF Doc. 106 at pp. 1, 46.  Finally, on March 13, 2023, only two weeks before trial, Opalich and his counsel asserted in the Joint Pretrial Order that EHO's claims were "a fabricated scheme."  *See* ECF Doc. 132 at p. 4.

After nearly two years of Opalich and his counsel repeatedly calling EHO's claims baseless, frivolous, and fabricated, and claiming that EHO should be sanctioned for even bringing its claims, Opalich took the stand at trial and basically confessed that he had done exactly what EHO has alleged from the time it commenced this action—namely, Opalich admitted that he

2

repeatedly misused EHO's confidential information to pursue various business opportunities and form and operate HospisRx.

Following trial, the Court found Opalich liable on all of EHO's claims and awarded EHO $846,652.72 in actual and exemplary damages, as well as a permanent injunction prohibiting Opalich from using EHO's confidential information in the future. *See* ECF Docs. 165 and 166. In addition, the Court ordered that Opalich must pay EHO its attorneys' fees and costs. *See* ECF Docs. 165 and 166. In short, EHO obtained a complete and total victory at trial on all its claims against Opalich.

From the outset of this dispute, EHO has retained the law firm of Duane Morris LLP to represent it in this action. In total, EHO's counsel collectively spent 1,443.1 hours on this dispute, and EHO incurred $861,419.50 in attorneys' fees through April 12, 2023. After proper segregation of its fees and subtracting the fees EHO has already recovered in the form of discovery sanctions imposed by the Court, EHO now seeks to recover a total of $814,631.50 in reasonable attorneys' fees through April 12, 2023. In addition, EHO seeks to recover taxable costs it has incurred in this case in the amount of $25,982.13.

## ARGUMENT AND AUTHORITIES

### A.      EHO is Entitled to Recover its Reasonable Attorneys' Fees from Opalich.

Where, as here, state law supplies the rule of decision, state law also controls the award of attorneys' fees and the reasonableness of any such award. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, a party to a lawsuit may recover attorneys' fees from its adversary only when a fee award is authorized by a statute or a contract. *Tucker v. Thomas*, 419 S.W.3d 292, 295 (Tex. 2013).

Chapter 38 of the Texas Civil Practice & Remedies Code authorizes litigants to recover their reasonable attorneys' fees, in addition to the amount of a valid claim and costs, if the claim

is for an oral or written contract.  Tex. Civ. Prac. & Rem. Code § 38.001(b).  "The award of reasonable attorneys' fees is mandatory under § 38.001 if the plaintiff prevails in his or her breach of contract claim and recovers damages."  *Coffel v. Stryker Corp.*, 284 F.3d 625, 640 (5th Cir. 2002); *see also Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015) ("Under section 38.001, the trial court has no discretion to deny attorney's fees when presented with evidence of the same").

"Whether a party prevails turns on whether the party prevails upon the court to award it something, either monetary or equitable."  *Ventling*, 466 S.W.3d at 154.  Thus, a party is entitled to attorney's fees under Chapter 38 if it recovers monetary damages or injunctive relief in connection with its breach of contract claim.  *Sandberg v. STMicroelectronics, Inc.*, 600 S.W.3d 511, 532-33 (Tex. App.—Dallas 2020, pet. denied).  The Texas Supreme Court has explained that "the idea behind awarding attorney's fees in fee-shifting situations is to compensate the prevailing party generally for its reasonable losses resulting from the litigation process."  *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019).

Here, EHO is entitled to recover its reasonable attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code.  Indeed, EHO successfully proved at trial that Opalich breached multiple provisions of his Executive Employment Agreement with EHO, and the Court awarded EHO damages and a permanent injunction based on Opalich's breaches.  *See* ECF Doc. 165 at pp. 7-9, 11-12.  Consequently, EHO is entitled to recover its reasonable attorneys' fees under Texas Civil Practice and Remedies Code § 38.001.

In addition, EHO is entitled to recover its reasonable attorney's fees under the terms of the Confidential Severance and General Waiver Agreement between EHO and Opalich (the "Severance Agreement").  Under Section 11.A of the Severance Agreement, Opalich agreed that he would not "directly or indirectly duplicate, use, download, possess, or store, and shall not

4

forward, disclose, or transfer any confidential documents or ESI, or any 'Confidential Information', to [himself] or any person or entity, or use for [his] own benefit or the benefit of anyone other than [EHO], any 'Confidential Information,' confidential documents or confidential ESI that [Opalich] has received through [his] employment with [EHO]." *See* ECF Doc. 115-2 at APP 0126; *see also* Plaintiff's Trial Ex. 19 at p. 7.   Further, Section 11.A of the Severance Agreement defines "Confidential Information" to include, among other things, EHO's "business plans and files," "pricing information," and "any other information and materials not available to the general public." *Id.*  Finally, Section 11.A of the Severance Agreement provides: "In the event that [EHO] proves in a legal proceeding that [Opalich] . . . has breached this confidentiality agreement, [EHO] shall be entitled to recover its actual damages from [Opalich], as well as its reasonable expenses, including attorneys' fees and disbursements incurred in the prosecution of any legal proceeding." *Id.*

Following trial, the Court found that Opalich disclosed and used EHO's confidential information for his own purposes, including the EHO Hospice Business Plan and the Capital City Reprice.  *See* ECF Doc. 165 at p. 8.   Further, the Court found that Opalich made false representations regarding his return and use of EHO's confidential information.  *Id.* at p. 10. Although EHO did not assert a claim against Opalich for breach of the Severance Agreement, the Court's findings that Opalich misused EHO's confidential information for his own benefit establishes that Opalich did, in fact, breach Section 11.A of the Severance Agreement.  As such, EHO is also entitled to recover its reasonable attorneys' fees under the terms of the Severance Agreement.

**B.      EHO's Requested Attorneys' Fees Are Reasonable.**

**1.      Applicable Legal Standards**

"The trial court has the discretion to determine the appropriate amount of attorneys' fees following a successful claim under § 38.001." *Coffel*, 284 F.3d at 640-41. Texas law creates a rebuttable presumption that "the usual and customary attorney's fees for a claim of the type described in Section 38.001 are reasonable." Tex. Civ. Prac. & Rem. Code § 38.003; *see also Am. Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482, 492-93 (5th Cir. 2004). A party seeking to recover attorneys' fees under Chapter 38 must clear "a minimal threshold" to be entitled to the reasonableness presumption, which merely requires "some evidence to show that the fees being sought are usual and customary." *Am. Home Assur. Co.*, 378 F.3d at 493. In evaluating a request for attorneys' fees, the Court may take judicial notice of the usual and customary fees and the contents of the case file without receiving further evidence. Tex. Civ. Prac. & Rem. Code § 38.004.

The primary method of determining a reasonable fee award is the lodestar method. *Structural Metals, Inc. v. S&C Elec. Co.*, 590 Fed.Appx. 298, 307 (5th Cir. 2014). The application of the lodestar method entails three steps: (1) the Court first determines the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work; (2) the Court then multiplies the number of hours by the applicable rate, yielding the lodestar; and (3) finally, the Court adjusts the lodestar up or down based on various reasonableness factors. *Id.* at 308. The reasonableness factors considered in the third step of the lodestar method include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood that the acceptance of particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the

client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the attorneys; and (8) whether the fee is fixed or contingent.  *Arthur Anderson & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

### 2.    EHO's Requested Fees Are Presumptively Reasonable.

EHO incurred a total of $861,419.50 in attorneys' fees prosecuting this action.  After removing fees for discrete legal services which were related exclusively to EHO's defense against Opalich's and his former co-defendant, Tammy Radcliff's, counterclaims, EHO seeks to recover attorneys' fees in the amount of $814,631.50.  EHO has presented evidence that this amount of fees is usual and customary in a case like this.  APPX 005 ¶ 5; APPX 183 ¶ 5.[1]   Accordingly, under Texas law, EHO's fees are presumed to be reasonable, and Opalich bears the burden to rebut this presumption.  *See* Tex. Civ. Prac. & Rem. Code § 38.003; *Am. Home Assur. Co.*, 378 F.3d at 493.

Given that Opalich represented to the Court that he and Radcliff had already spent more than $700,000 on this litigation more than a month before trial, *see* ECF Doc. 118 at p. 1, EHO anticipates that Opalich will not present any evidence rebutting the presumption that EHO's similar attorneys' fees are usual and customary.  For this reason alone, EHO respectfully requests that the Court find EHO's requested attorneys' fees to be usual, customary, and reasonable, and that the Court award EHO the full amount of its requested attorneys' fees.

---

[1] Citations to "APPX" refer to the Appendix to Plaintiff EHO360, LLC's Motion for Attorneys' Fees and Costs and Supporting Brief, which is being filed contemporaneously with this Motion and Supporting Brief.

3.      **The Hours Spent By EHO's Counsel Were Reasonable and Necessary.**

     a.      **Opalich and His Counsel's Litigation Tactics Required EHO's Counsel to Expend Significant Time and Resources Prosecuting this Case.**

Although EHO's requested attorneys' fees are presumptively reasonable, the evidence before the Court also confirms the reasonableness of EHO's requested fee award.  As an initial matter, the evidence establishes that the hours spent by EHO's counsel were reasonable and necessary.  Over the course of two years, EHO's counsel billed 1,443.1 hours for their prosecution of EHO's claims in this action.  The hours billed by each of EHO's counsel are set forth below:

| Counsel | Hours Billed |
|---|---|
| Lucas C. Wohlford | 1096.1 |
| Corey M. Weideman | 162.6 |
| Spencer R. Lockwood | 132.8 |
| Patrick Arnold | 19.6 |
| James L. Beausoleil | 13.3 |
| Jamie R. Welton | 10.6 |
| Kristin Burns | 8.1 |

*See* APPX 003-004 ¶¶ 5-12; APPX 009-180 (Duane Morris Invoices).

The facts and circumstances of this case demonstrate that the hours billed by EHO's counsel were both reasonable and necessary.  As discussed above, from the outset of this lawsuit, Opalich and his co-defendants did not simply deny and defend against EHO's claims, they repeatedly alleged that EHO's claims were frivolous, baseless, and fabricated, and they claimed that EHO and its counsel should be sanctioned for even pursuing EHO's claims.  And Opalich and

8

his counsel persisted in this recalcitrant litigation strategy for nearly two years until Opalich basically confessed at trial, which required EHO's counsel to expend significant time and resources at every turn.  The following are but a few examples of Opalich's and his counsel's unnecessarily aggressive and obdurate litigation strategy.

On May 28, 2021, Opalich and his co-defendants filed a motion to dismiss, in which they claimed EHO's "only purpose in filing this lawsuit is to harass Defendants," accused EHO of engaging in a "willful effort to smear the reputations of the Defendants (especially Mr. Opalich)," and brazenly asserted that EHO had made knowingly false statements in its Complaint.  *See* ECF Doc. 16 at pp. 1-2.

On June 9, 2021, Opalich and his co-defendants filed an opposition to EHO's Motion for Preliminary Injunction, in which they called this action a "farce of a lawsuit" and claimed that neither Opalich nor any other defendants possessed or had used any of EHO's confidential information. *See, generally,* ECF Doc. 20.  Significantly, Opalich and his co-defendants persuaded the Court to deny EHO's Motion for Preliminary Injunction with sworn declarations stating unequivocally that they did not possess and had not used any of EHO's confidential information. *See* ECF Doc. 21 at APPX 00002-00009, APPX 00024-0032.  As EHO conclusively proved at trial, Opalich's sworn declaration, submitted to the Court under penalty of perjury, was false, as Opalich had repeatedly used EHO's confidential information for his own and others' benefit before he submitted his false declaration, and he continued to misuse EHO's confidential information after he persuaded the Court to deny EHO's Motion for Preliminary Injunction.

On April 15, 2022, EHO was forced to file a Motion to Compel and Request for Discovery Sanctions because Opalich and Radcliff refused to produce manifestly relevant documents related to HospisRx based on the ridiculous argument that, because Opalich and Radcliff (falsely) claimed

they had not used EHO's confidential information in the formation and operation of HospisRx, documents related to HospisRx were not relevant. *See* ECF Docs. 60, 63, and 66. In opposing EHO's Motion to Compel, Opalich again submitted a sworn declaration to this Court under penalty of perjury in which he stated that he was "not in possession of any EHO Documents or any documents or communications about any EHO Client or Potential EHO Client other than what I have produced in this litigation," and that he had "not used any of [EHO's] confidential information in my work with HospisRx." *See* ECF Doc. 64 at APP 003 ¶ 6, APP 009 ¶ 35. As EHO conclusively proved at trial, this declaration was also false.

After Magistrate Judge Horan granted EHO's Motion to Compel, on June 21, 2022, Opalich and Radcliff filed an Objection to Judge Horan's Order in which they argued that Opalich's and Radcliff's (false) declarations proved they did not possess any of EHO's confidential information, and, therefore, this Court should overrule Judge Horan's order on EHO's Motion to Compel. *See* ECF Doc. 70. EHO was forced to incur significant attorneys' fees for its counsel's preparation of a response to Opalich and Radcliff's objection to Judge Horan's Order, and the Court ultimately affirmed Judge Horan's Order, including the imposition of sanctions for Opalich and Radcliff's discovery misconduct. *See* ECF Docs. 75 and 79. And, as demonstrated at trial, the documents Opalich and Radcliff finally produced under compulsion by the Court proved beyond any reasonable dispute that Opalich had made false statements in the sworn declarations he submitted to the Court and that he repeatedly misused EHO's confidential information to form and operate HospisRx.

On October 28, 2022, EHO was forced to file a Motion for Protective Order because Opalich and his counsel insisted on taking the deposition of EHO's general counsel to obtain completely irrelevant or only tangentially relevant information that they could have obtained

through other means. *See* ECF Docs. 95, 96, 99, and 100. As Judge Horan concluded in granting EHO's Motion for Protective Order, the information Opalich sought in a deposition of EHO's general counsel was either available from other sources, not crucial to the case, or, in some instances, not even relevant. *See* ECF Doc. 102.

On December 29, 2022, Opalich and Radcliff filed a Motion for Summary Judgment, in which they sought dismissal of all of EHO's claims, which they characterized as "baseless," and had the temerity request "appropriate sanctions for EHO's frivolous continuation of this lawsuit and unwarranted disruption of their efforts to build HospisRx." *See* ECF Doc. 106. EHO was forced to incur significant attorneys' fees for its counsel's preparation of a nearly 50-page response to Opalich and Radcliff's Motion for Summary Judgment and marshalling of nearly 1,200 pages of evidence supporting EHO's claims. *See* ECF Docs. 113 and 114. The Court ultimately denied Opalich and Radcliff's Motion for Summary Judgment in its entirety. *See* ECF Doc. 140.

In light of Opalich and his counsel's unnecessarily aggressive and recalcitrant litigation tactics, even in the face of undeniable proof that EHO's claims were legitimate and amply supported by evidence, there can be no serious dispute that the hours billed by EHO's counsel in this action were reasonable and necessary.

### b.   EHO Properly Segregated its Attorneys' Fees under Texas Law.

Under Texas law, "if any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313-14 (Tex. 2006). However, "when discrete legal services advance both a recoverable and unrecoverable claim [ ] they are so intertwined that they need not be segregated." *Id.*

Here, EHO's breach of contract claims against Opalich are so intertwined with and inseparable from all of EHO's other claims in this case, it is impossible to segregate the time spent

11

on advancing EHO's breach of contract claims against Opalich from the time spent on EHO's other claims against Opalich and the other defendants in this case.  Indeed, all of EHO's claims against Opalich and the other defendants arise from Opalich's repeated misuse of EHO's confidential information to form and operate a competing business in concert with the other defendants.  *See generally* ECF Doc. 1.  With respect to Opalich specifically, EHO has alleged from the outset that: (a) Opalich breached his employment agreement with EHO by, among other things, "disclosing EHO's confidential information and using it for his own and others' benefit . . . and failing to return EHO's confidential information upon the termination of his employment;" (b) Opalich breached his fiduciary duties to EHO by, among other things, "disclosing EHO's confidential information and using it for his own and others' benefit;" and (c) Opalich fraudulently induced EHO to pay him more than $70,000 in severance by falsely representing to EHO that he had returned all of EHO's confidential information, permanently deleted all of EHO's confidential information from any personal devices, and did not share or disclose any of EHO's confidential information.  *See* ECF Doc. 1 ¶¶ 58, 62, 65.  Because all of EHO's claims arise from and relate to Opalich's misuse of EHO's confidential information, all of the time EHO's counsel spent prosecuting EHO's claims necessarily advanced EHO's breach of contract claims against Opalich as well as all of EHO's other claims.  Accordingly, EHO is not required to segregate the time it's counsel spent pursuing its breach of contract claims against Opalich from the time its counsel spent pursuing its other claims.

All that said, EHO has segregated, and is not seeking a fee award for, the fees it incurred in defending against Opalich's and Radcliff's counterclaims, which amounted to $31,788.00.  APPX 006 ¶ 16.  In addition, EHO has already recovered the $15,000.00 discovery sanction imposed by the Court to reimburse EHO for the fees it incurred in pursuing its Motion to Compel,

and EHO has also reduced its fee request by that amount. *Id.* After segregation of these amounts, EHO respectfully requests and is entitled to a fee award in the amount of $814,631.50.

### 4. The Hourly Rates for EHO's Counsel Are Reasonable.

The evidence also establishes that the hourly rates charged by EHO's counsel are reasonable. The proper test for determining a reasonable hourly rate is to review the prevailing market rates for similarly situated attorneys in the community. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

Here, EHO's counsel charged the following average rates during the two years they prosecuted this action on behalf of EHO:

| Counsel | Average Hourly Rate |
|---|---|
| James L. Beausoleil | $940.00 |
| Jamie R. Welton | $850.94 |
| Corey M. Weideman | $791.68 |
| Lucas C. Wohlford | $581.53 |
| Kristin Burns | $485.00 |
| Spencer Lockwood | $461.57 |
| Patrick Arnold | $435.00 |

*See* APPX 003-004 ¶¶ 5-12. EHO has presented evidence that these hourly rates are consistent with the prevailing rates in Dallas for attorneys of similar skill and experience. APPX 006-007 ¶18; APPX 183-84 ¶ 6. Further, a review of fee decisions in the Northern District of Texas

confirms that these rates are reasonable and consistent with prevailing rates in the Dallas market. *See, e.g., Miller v. Raytheon Co.*, 2013 WL 6838302, at \*8-\*9 (N.D. Tex. Dec. 27, 2013) (finding that, in 2013, $685 per hour was a reasonable hourly rate for a partner-level attorney with extensive experience and noting that high-billing partners at large Dallas law firms charged $815 and $830 per hour in 2012); *Michaels Stores Procurement Co. v. DMR Construction, Inc.*, 2019 WL 399074, at \*2 (N.D. Tex. Jan. 31, 2019) (Boyle, J.) (finding that, in 2019, hourly rates of $675 for partner-level attorney and $375 for an associate level attorney were reasonable).   Accordingly, EHO respectfully requests that the Court find the hourly rates for EHO's counsel are reasonable and customary.

**5.     The *Arthur Anderson* Factors Further Support EHO's Requested Fee Award.**

As set forth above, the hours expended by EHO's counsel were reasonable and necessary and the hourly rates charged by EHO's counsel were reasonable and customary.   In addition, the *Arthur Anderson* factors further support EHO's requested fee award.

The United States Supreme Court has explained that perhaps the most important factor in the analysis is the "results obtained."   *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).   "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," which normally "will encompass all hours reasonably expended on the litigation."   *Id.* at 435. Further, "in some cases of exceptional success an enhanced award may be justified."   *Id.*

Here, EHO prevailed on every single claim it asserted against Opalich, and was awarded not only substantial damages, but also incredibly valuable injunctive relief and exemplary damages.   *See* ECF Docs. 165 and 166.   Accordingly, it is beyond dispute that EHO's counsel obtained excellent results that justify the Court awarding the full amount of fees requested.

Further, the time and labor required and skill requisite to perform the legal services properly also justify EHO's requested fee award.   As discussed above, Opalich and his counsel's

14

unnecessarily aggressive litigation tactics required EHO's counsel to spend significant time and resources at every turn of this case. Among other things, EHO had to file a Motion to Compel just to obtain the manifestly relevant documents that it ultimately used at trial to prove its claims, EHO had to file a Motion for Protective Order to prevent Opalich and his counsel from taking a wholly unnecessary deposition of EHO's general counsel, and EHO had to spend significant time and resources responding to Opalich's Motion for Summary Judgment, which was largely based on false declarations Opalich had previously submitted to this Court in opposition to EHO's Motion for Preliminary Injunction and Motion to Compel. At every turn, Opalich and his counsel not only denied and defended against EHO's claims, but they derided EHO and its counsel and claimed that EHO and its counsel should be sanctioned for even pursuing EHO's claims.

In short, EHO respectfully submits that the excellent results obtained by EHO, and the time, labor, and skill required to obtain those excellent results, further support EHO's requested fee award.

### 6.      EHO is Entitled to Fees for any Future Appeal.

"If trial attorney's fees are mandatory under section 38.001, then appellate attorney's fees are also mandatory when proof of reasonable fees is presented." *Ventling*, 466 S.W.3d at 154. A prevailing party may request a contingent, prospective award of appellate attorneys' fees in the district court under Federal Rule of Civil Procedure 54 or request appellate fees directly from the appellate court. *9503 Middlex, Inc. v. Continental Motors, Inc.*, 834 Fed.Appx. 865, 875 (5th Cir. 2020).

As the prevailing party, EHO is entitled to an award of appellate fees. EHO has presented evidence that a fee of $75,000.00 would be reasonable and necessary to handle an appeal of this matter in the United States Court of Appeals for the Fifth Circuit, and that, in the unlikely event of a further appeal to the United States Supreme Court, an additional fee of $25,000.00 would be

15

reasonable and necessary. APPX 006 ¶ 17.  EHO respectfully requests that the Court either: (1) conditionally award EHO this amount for its reasonable and necessary prospective appellate fees; or (2) permit EHO to submit a supplemental application for its appellate attorneys' fees after any appeal of this matter has concluded.

**C.     EHO is Entitled to Recover its Costs from Opalich.**

"A prevailing party in a civil action is entitled to recover its costs unless a federal statute, the federal rules, or the court provides otherwise."  *Michaels Stores*, 2019 WL 399074, at *2. "Taxable court costs include: (1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of the deposition transcript; (3) witness fees and related expenses; (4) printing costs; and (5) fees for copies of papers necessarily obtained for use in the case."  *Id.*

Here, EHO respectfully requests that the Court award it costs in the amount of $25,982.13. Such costs include filing fees, deposition costs, and printing and copying costs associated with EHO's trial exhibit binders. APPX 007 ¶ 19.  Each of these costs is properly taxable under 28 U.S.C. § 1920.

## CONCLUSION

For the foregoing reasons, EHO respectfully requests that the Court award it reasonable and necessary attorneys' fees in the amount of $814,631.50, as well as its taxable costs in the amount of $25,982.13.  In addition, EHO respectfully requests that the Court either award it contingent appellate fees in the amount of $100,000.00, or permit EHO to file a supplemental motion for an award of its appellate fees upon the conclusion of any appeal in this matter.

Dated: April 18, 2023                    Respectfully submitted,


By:    */s/ Lucas C. Wohlford*
       Lucas C. Wohlford (TX Bar # 24070871)
       Spencer R. Lockwood (TX Bar # 24132249)
       DUANE MORRIS LLP
       100 Crescent Court, Suite 1200
       Dallas, TX 75201
       Telephone: (214) 257-7214
       Fax: (214) 853-5271
       Email: LWohlford@duanemorris.com
               SLockwood@duanemorris.com

       Corey M. Weideman (TX Bar # 24056505)
       DUANE MORRIS LLP
       1330 Post Oak Blvd., Suite 800
       Houston, TX 77056
       Telephone: (713) 402-3904
       Fax: (713) 583-0940
       Email: CMWeideman@duanemorris.com


       **ATTORNEYS FOR PLAINTIFF EHO360, LLC**


## CERTIFICATE OF CONFERENCE

I hereby certify that, on April 17, 2023, I conferred with counsel for Defendant Nicholas Opalich regarding the foregoing Motion, and counsel for Mr. Opalich indicated that he is opposed to the relief requested in the Motion.

                    */s/ Lucas C. Wohlford*
                    Lucas C. Wohlford

17

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on April 18, 2023, a true and correct copy of the above and foregoing was filed using the Court's CM/ECF system, which will provide electronic service of the foregoing to all counsel of record who have appeared in the case.

*/s/ Lucas C. Wohlford*
Lucas C. Wohlford