UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EHO360, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-0724-B |
| | § | |
| NICHOLAS OPALICH, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff EHO360, LLC ("EHO")'s Motion for Attorney Fees and Costs (Doc. 168) and Motion to Amend or Correct Final Judgment (Doc. 171). For the reasons discussed below, the Motion for Attorney Fees and Costs is **DENIED WITHOUT PREJUDICE,** and the Motion to Amend or Correct Final Judgment is **GRANTED in part** and **DENIED in part**.

I.

BACKGROUND

The factual background of this case is presented in detail in the Court's Memorandum Opinion and Order on summary judgment. *See* Doc. 140, Mem. Op. & Order, 1–9. In short, this case involves the actions of Defendant Nicholas Opalich, the former Chief Executive Officer of EHO, after he was fired from his position. The Court held a four-day bench trial from March 27 to March 31, 2023. *See* Docs. 158, 159, 161, 162. Following the trial, the Court found in favor of EHO and ordered Opalich to pay EHO $346,652.72 in actual damages and $500,000.00 in exemplary damages, issued a permanent injunction, and awarded attorneys' fees and costs "in an amount to be determined at a later date." *See* Doc. 166, Final J., 1. EHO now brings a Motion to

Amend or Correct Final Judgment. *See* Doc. 171, Mot. Amend. EHO asks the Court to amend the judgment to include pre- and post-judgment interest and specified attorney fees and costs. *Id.* at 8.

## II.

## LEGAL STANDARD[1]

Federal Rule of Civil Procedure 59(e) allows a party to request that the Court amend or correct a judgment within twenty-eight days following the entry of a judgment. "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). However, "[t]he decision to alter or amend the judgment under Rule 59(e) is within the district court's discretion." *Centerboard Sec., LLC v. Benefuel, Inc.*, 2017 WL 1091599, at *1 (N.D. Tex. Mar. 23, 2017) (Fish, S. J.).

## III.

## ANALYSIS

EHO asks the Court to amend its judgment to include pre- and post-judgment interest and specified attorneys' fees and costs. Doc. 171, Mot., 8. Opalich does not oppose amendment as to

---

[1] EHO moves to amend or correct the judgment under Federal Rule of Civil Procedure 59(e) and 60(a). Doc. 171, Mot. Amend, 3–4. However, the Court concludes that Federal Rule of Civil Procedure 59(e) provides the appropriate legal standard. The purpose of a Rule 60(a) motion is "to correct purely clerical errors." *See Craig v. GACP II, L.P.*, 2022 WL 1778392, at *3 (N.D. Tex. June 1, 2022) (Fish, S. J.). However, given the Court omitted an award of pre- and post-judgment interest from its judgment entirely, the Court must do more than correct a purely clerical error. *See id.* 3–4. Thus, the Motion is properly analyzed under Rule 59(e). *See id.*

pre- and post-judgment interest but does oppose EHO's selected pre-judgment interest rate. Doc. 179, Resp., 3. Similarly, Opalich does not oppose the Court specifying an amount of attorneys' fees and costs but does oppose the amount EHO requests. *Id.* at 4. After reviewing the Motion and the Response, the Court concludes that amending the judgment to include pre- and post-judgment interest is appropriate but specifying an amount of attorneys' fees and costs should be deferred until the resolution of the appeal. Thus, the Motion for Attorney Fees and Costs (Doc. 168) is **DENIED WITHOUT PREJUDICE** and the Motion to Amend or Correct Final Judgment (Doc. 171) is **GRANTED in part** and **DENIED in part..**

A.  *Pre- and Post-Judgment Interest*

Pre-judgment interest rates are governed by state law in diversity cases. *Boston Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). Thus, because Texas law applies to this case, Texas law governs any award of pre-judgment interest. "There are two legal sources for an award of prejudgment interest: (1) general principles of equity and (2) an enabling statute." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998). Because no statute controls the award of pre-judgment interest here, the Court may grant pre-judgment interest in its discretion, relying upon "equitable principles and public policy in making its decision." *See Dernick Res., Inc. v. Wilstein*, 471 S.W.3d 468, 487 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). However, "under Texas law an equitable award of prejudgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances." *Am. Int'l. Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 541 (5th Cir. 1987).

Post-judgment interest, in contrast, is governed by federal law. *Harris v. Mickel*, 15 F.3d 428, 431 (5th Cir. 1994). Further, "[p]ost-judgment interest is awarded as a matter of course."

*Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010) (citing 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.")).

The Court concludes the Final Judgment should be amended to include an award of pre- and post-judgment interest. First, given there were no exceptional circumstances warranting a denial of pre-judgment interest, the Court in its discretion should have included an award of pre-judgment interest as to EHO's actual damages in its Final Judgment. *See Am. Int'l. Trading Corp.*, 835 F.2d at 541. Further, EHO was entitled to post-judgment interest as of right, and thus the Court should have included an award of post-judgment interest in its Final Judgment. *See* 28 U.S.C. § 1961(a). Therefore, to prevent manifest injustice, the Court will amend the Final Judgment to include an award of pre- and post-judgment interest. *See* Fed. R. Civ. P. 59(a).

"[P]rejudgment interest accrues at the rate for postjudgment interest [under Texas law] and [is] computed as simple interest." *Johnson & Higgins*, 962 S.W.2d at 532. To calculate EHO's pre-judgment interest, the Court applies Texas Finance Code § 304.003.[2] Under § 304.003(b), "[o]n the 15th day of each month, the consumer credit commissioner shall determine the postjudgment interest rate to be applied to a money judgment rendered during the succeeding calendar month." The rate is set at the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation with a floor of five percent and a ceiling of

---

[2] EHO and Opalich present contrasting interpretations of Texas Finance Code § 304.003. Opalich argues that the determination of the consumer credit commissioner should dictate the post-judgment rate, as stated in § 304.003(b). *See* Doc. 179, Resp., 2. EHO asks the Court to apply § 304.003(c)(1) in isolation and set the post-judgment interest rate as "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation." Tex. Fin. Code § 304.003(c)(1). The Court agrees with Opalich. The two provisions must be read in tandem. Section 304.003(b) dictates *who* will set the post-judgment interest rate. And Section 304.003(c) dictates *how* the rate will be set. Under EHO's proposed method, Section 304.003(b) would be superfluous. For this reason, the Court will use the post-judgment interest rate set by the consumer credit commissioner.

fifteen percent. Tex. Fin. Code § 304.003(c). Pre-judgment interest begins to accrue on "the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and end[s] on the day preceding the date judgment is rendered." *Id.* § 304.104.

On April 5, 2023, the date the Court should have calculated the pre-judgment rate, the judgment rate determined by the Texas Office of Consumer Credit Commissioner was 7.75 percent. Texas Credit Letter, Vol. 42, Num. 26 at 12, https://occc.texas.gov/sites/default/files/2023-05/credit-letters-2023_2.pdf (last visited May 30, 2023). EHO is entitled to pre-judgment interest on the breach of contract and disgorgement damages, but not the exemplary damages. *See* Tex. Civ. Prac. & Rem. Code § 41.007 ("Prejudgment interest may not be assessed or recovered on an award of exemplary damages."). The pre-judgment interest shall accrue beginning March 29, 2021 through April 4, 2023 at a rate of 7.75 percent per annum, or $54,161.02.

EHO's post-judgment interest shall be calculated based on EHO's full damage award, pursuant to 28 U.S.C. § 1961. *See* 28 U.S.C. § 1961 ("Interest shall be allowed on *any money judgment* in a civil case recovered in a district court.") (emphasis added); *see also Brown v. Petrolite Corp.*, 965 F.2d 38, 51 (5th Cir. 1992) ("[T]he plain language of the statute authorizes post-judgment interest on punitive damages, which are a part of the money judgment. . . . Moreover, awarding post-judgment interest on exemplary damages is consistent with the purpose of post-judgment interest . . . .") (internal quotations omitted). Post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). For the calendar week preceding the judgment, the average rate was 4.58 percent per annum. *See Federal Reserve,*

*Selected Interest Rates (Daily) - H.15*, https://www.federalreserve.gov/releases/H15/data.htm; *Federal Reserve, Bank of St. Louis, Selected Interest Rates (Weekly) - H.15*, https://fred.stlouisfed.org/release/tables?rid=18&eid=290&od=2023-03-31#.

B.     *Attorneys' Fees and Costs*

EHO also requests the Court amend its judgment to include a specified amount of attorneys' fees. *See* Doc. 171, Mot. Amend, 7. In conjunction, EHO has filed a Motion for Attorney Fees and Costs (Doc. 168), arguing that its fees and costs are reasonable and necessary. *See* Doc. 168, Mot. Att'y Fees & Costs, 7–14. However, given Opalich's pending appeal, the Court defers resolution of EHO's request for attorney fees and costs until the resolution of the appeal. *See* Fed. R. Civ. P. 54(d)(2) advisory committee's note to 1993 amendment ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."). Thus, the Court **DENIES** EHO's request to amend the judgment to include specified fees and costs. The Court also **DENIES** EHO's Motion for Attorney Fees and Costs (Doc. 168) **WITHOUT PREJUDICE** to renewal following resolution of the appeal.

IV.

CONCLUSION

For the reasons discussed above, the Motion for Attorney Fees and Costs (Doc. 168) is **DENIED WITHOUT PREJUDICE,** and the Motion to Amend or Correct Final Judgment (Doc. 171) is **GRANTED in part** and **DENIED in part**. EHO may refile its Motion for Attorney Fees and Costs no later than twenty-one days after a ruling on the merits by the Court of Appeals is

entered on the Court's docket. The Court will subsequently issue its amended Findings of Fact and Conclusions of Law and an amended final judgment.

**SO ORDERED.**

**SIGNED: June 13, 2023.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE