UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EHO360, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:21-cv-00724-B |
| | ) |
| NICHOLAS OPALICH, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**PLAINTIFF EHO360, LLC'S POST-APPEAL MOTION FOR ATTORNEYS' FEES AND COSTS AND SUPPORTING BRIEF**

## <u>TABLE OF CONTENTS</u>

FACTUAL BACKGROUND ........................................................................................................1

ARGUMENT AND AUTHORITIES .......................................................................................5

    A.      EHO is Entitled to Recover its Reasonable Attorneys' Fees from Opalich...........5

    B.      EHO's Requested Attorneys' Fees Are Reasonable. .............................................6

        1.      Applicable Legal Standards .........................................................................6

        2.      EHO's Requested Fees Are Presumptively Reasonable.............................7

        3.      The Hours Spent By EHO's Counsel Were Reasonable and
              Necessary. ....................................................................................................8

              a.      Opalich and His Counsel's Litigation Tactics Required
                     EHO's Counsel to Expend Significant Time and Resources
                     Prosecuting this Case. ....................................................................8

              b.      Although EHO was not Required to Segregate its Fees, it
                     has Segregated Unrecoverable Fees Where Possible....................13

        4.      The Hourly Rates for EHO's Counsel Are Reasonable.............................16

        5.      The *Arthur Anderson* Factors Further Support EHO's Requested
              Fee Award. .................................................................................................18

    C.      EHO is Entitled to Recover its Costs from Opalich. ...........................................19

CONCLUSION...........................................................................................................................19

CERTIFICATE OF CONFERENCE........................................................................................20

CERTIFICATE OF SERVICE ..................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Am. Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482 (5th Cir. 2004) ........................................................................................................6, 8

*Arthur Anderson & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997) .................7, 18

*Coffel v. Stryker Corp.*, 284 F.3d 625 (5th Cir. 2002) ........................................ 5-6

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ................................................................18

*Mathis v. Exxon Corp.*, 302 F.3d 448 (5th Cir. 2002) ....................................5

*McClain v. Lufkin Indus., Inc.*, 649 F.3d 374 (5th Cir. 2011) ......................................16

*Michaels Stores Procurement Co. v. DMR Construction, Inc.*, 2019 WL 399074 (N.D. Tex. Jan. 31, 2019).......................................................................17, 19

*Miller v. Raytheon Co.*, 2013 WL 6838302 (N.D. Tex. Dec. 27, 2013)........................17

*Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019).....................5

*Sandberg v. STMicroelectronics, Inc.*, 600 S.W.3d 511 (Tex. App.—Dallas 2020, pet. denied)..........................................................................................5

*Structural Metals, Inc. v. S&C Elec. Co.*, 590 Fed.Appx. 298 (5th Cir. 2014) ..............7

*Tollett v. City of Kemah*, 285 F.3d 357 (5th Cir. 2002) ................................................16

*Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2006) ...............................13

*Tucker v. Thomas*, 419 S.W.3d 292 (Tex. 2013) ........................................5

*Ventling v. Johnson*, 466 S.W.3d 143 (Tex. 2015)........................................5

**Statutes**

28 U.S.C. § 1920...............................................................................................19

Tex. Civ. Prac. & Rem. Code § 38.001 ................................................. 5-6

Tex. Civ. Prac. & Rem. Code § 38.003 ...................................................6, 8

Tex. Civ. Prac. & Rem. Code § 38.004 ...................................................6

**Other Authorities**

Federal Rule of Civil Procedure 54(d)..............................................................................1

Pursuant to Federal Rule of Civil Procedure 54(d) and the Court's June 13, 2023 Memorandum Opinion and Order (ECF Doc. 183), Plaintiff EHO360, LLC ("EHO") files this Post-Appeal Motion for Attorneys' Fees and Costs and Supporting Brief, and in support thereof would respectfully show the Court as follows:

## FACTUAL BACKGROUND

EHO commenced this action against Defendant Nicholas Opalich and multiple other defendants on March 29, 2021. *See* ECF Doc. 1. All of EHO's claims against Opalich and the other defendants arise from Opalich's repeated misuse of EHO's confidential information to form and operate a competing business in concert with the other defendants. *See generally* ECF Doc. 1. Specifically, EHO has alleged from the outset that: (a) Opalich breached his employment agreement with EHO by, among other things, "disclosing EHO's confidential information and using it for his own and others' benefit . . . and failing to return EHO's confidential information upon the termination of his employment;" (b) Opalich breached his fiduciary duties to EHO by, among other things, "disclosing EHO's confidential information and using it for his own and others' benefit;" and (c) Opalich fraudulently induced EHO to pay him more than $70,000 in severance by falsely representing to EHO that he had returned all of EHO's confidential information, permanently deleted all of EHO's confidential information from any personal devices, and did not share or disclose any of EHO's confidential information. *See* ECF Doc. 1 ¶¶ 58, 62, 65.

From the time EHO commenced this action, Opalich and his counsel have not only denied EHO's claims, they have repeatedly called them baseless, frivolous, and fabricated, and they have claimed that EHO and its counsel should be sanctioned for even pursuing this action. For instance, on May 28, 2021, Opalich and the other defendants filed a Motion to Dismiss in which they

claimed that EHO's "only purpose in filing this lawsuit is to harass Defendants" and categorically denied that any of them even possessed any of EHO's confidential information. *See* ECF Doc. 16 at pp. 1, 17. On June 9, 2021, Opalich and the other defendants filed their opposition to EHO's Motion for Preliminary Injunction, in which they called EHO's lawsuit a "farce" and claimed it was based on "false allegations." *See* ECF Doc. 20 at p. 1.

When EHO sought discovery from Opalich, he stonewalled and refused to produce plainly relevant documents related to HospisRx, LLC ("HospisRx")—the competing business he had formed using EHO's confidential information—because he claimed he did not possess, and had not used any of EHO's confidential information in the formation or operation of HospisRx. *See* ECF Doc. 63.

After the Court granted EHO's Motion to Compel and imposed significant monetary sanctions on Opalich, Opalich produced numerous documents and provided deposition testimony proving beyond any reasonable dispute that he had repeatedly misused EHO's confidential information. Nevertheless, Opalich and his counsel subsequently filed a Motion for Summary Judgment in which they argued "there is no factual support" for EHO's claims and went so far as to request "appropriate sanctions for EHO's frivolous continuation of this lawsuit and unwarranted disruption of their efforts to build HospisRx." *See* ECF Doc. 106 at pp. 1, 46. Finally, on March 13, 2023, only two weeks before trial, Opalich and his counsel asserted in the Joint Pretrial Order that EHO's claims were "a fabricated scheme." *See* ECF Doc. 132 at p. 4.

After nearly two years of Opalich and his counsel repeatedly calling EHO's claims baseless, frivolous, and fabricated, and claiming that EHO should be sanctioned for even bringing its claims, Opalich took the stand at trial and basically confessed that he had done exactly what EHO has alleged from the time it commenced this action—namely, Opalich admitted that he

repeatedly misused EHO's confidential information to pursue various business opportunities and form and operate HospisRx.

Following trial, the Court found Opalich liable on all of EHO's claims and awarded EHO $846,652.72 in actual and exemplary damages, as well as a permanent injunction prohibiting Opalich from using EHO's confidential information in the future. *See* ECF Docs. 184 and 185. In addition, the Court ordered that Opalich must pay EHO its attorneys' fees and costs. *See* ECF Docs. 184 and 185. In short, EHO obtained a complete and total victory at trial on all its claims against Opalich.

On June 13, 2023, the Court denied, without prejudice, EHO's Motion for Attorneys' Fees and Costs pending resolution of Opalich's appeal. *See* ECF Doc. 183. Thereafter, Opalich pursued a highly dubious appeal from the Court's judgment. Indeed, Opalich's primary argument on appeal was that, although Opalich admitted at trial that he repeatedly misused EHO's confidential information, this Court somehow committed clear error in finding that he misused EHO's confidential information and failed to sufficiently articulate the basis for its finding. *See EHO360, LLC v. Opalich*, Case No. 23-10484, (5th Cir.), Fifth Circuit ECF Docs. 46 at 28-39 (Opening Brief of Defendant-Appellant Nicholas Opalich) and 62 at 4-16 (Reply Brief of Defendant-Appellant Nicholas Opalich). Notably, in making this baseless argument, Opalich readily acknowledged that each of EHO's claims in this case arose from and related to his repeated and protracted misuse of EHO's confidential information. Specifically, Opalich argued to the Fifth Circuit that this Court's finding that Opalich misused EHO's confidential information "was critical to each of the three theories of liability EHO had pursued." *See EHO360, LLC v. Opalich*, Case No. 23-10484, (5th Cir.), Fifth Circuit ECF Doc. 46 at 2.

On February 5, 2024, the Fifth Circuit held oral argument on Opalich's appeal. Only three days later, the Fifth Circuit issued a two sentence per curiam opinion summarily rejecting Opalich's baseless arguments and affirming this Court's judgment in its entirety. *See* APPX 257. The same day, the Fifth Circuit entered judgment against Opalich consistent with its opinion. *See* APPX 259-60.

From the outset of this dispute, EHO has retained the law firm of Duane Morris LLP to represent it in this action. Through March 31, 2023, EHO's counsel collectively spent 1,443.1 hours on this dispute, and EHO incurred $861,419.50 in attorneys' fees for that work. After proper segregation of its fees where possible and subtracting the fees EHO has already recovered in the form of discovery sanctions imposed by the Court, EHO now seeks to recover a total of $814,631.50 in reasonable attorneys' fees through March 31, 2023.

Since March 31, 2023, EHO's counsel has collectively spent 340.5 hours on this dispute, and EHO has incurred $216,427.94 in attorneys' fees for that work. After proper segregation of its fees where possible, EHO now seeks to recover a total of $125,995.60 in reasonable attorneys' fees after March 31, 2023.

In addition to its attorneys' fees, EHO seeks to recover taxable costs it has incurred in this case in the amount of $25,982.13.

All told, EHO respectfully requests that the Court award it $940,627.10 in reasonable attorneys' fees and $25,982.13 in taxable costs.

## ARGUMENT AND AUTHORITIES

**A.      EHO is Entitled to Recover its Reasonable Attorneys' Fees from Opalich.**

Where, as here, state law supplies the rule of decision, state law also controls the award of attorneys' fees and the reasonableness of any such award. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, a party to a lawsuit may recover attorneys' fees from its adversary only when a fee award is authorized by a statute or a contract. *Tucker v. Thomas*, 419 S.W.3d 292, 295 (Tex. 2013).

Chapter 38 of the Texas Civil Practice & Remedies Code authorizes litigants to recover their reasonable attorneys' fees, in addition to the amount of a valid claim and costs, if the claim is for an oral or written contract. Tex. Civ. Prac. & Rem. Code § 38.001(b). "The award of reasonable attorneys' fees is mandatory under § 38.001 if the plaintiff prevails in his or her breach of contract claim and recovers damages." *Coffel v. Stryker Corp.*, 284 F.3d 625, 640 (5th Cir. 2002); *see also Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015) ("Under section 38.001, the trial court has no discretion to deny attorney's fees when presented with evidence of the same").

"Whether a party prevails turns on whether the party prevails upon the court to award it something, either monetary or equitable." *Ventiling*, 466 S.W.3d at 154. Thus, a party is entitled to attorney's fees under Chapter 38 if it recovers monetary damages or injunctive relief in connection with its breach of contract claim. *Sandberg v. STMicroelectronics, Inc.*, 600 S.W.3d 511, 532-33 (Tex. App.—Dallas 2020, pet. denied). The Texas Supreme Court has explained that "the idea behind awarding attorney's fees in fee-shifting situations is to compensate the prevailing party generally for its reasonable losses resulting from the litigation process." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019).

"If trial attorney's fees are mandatory under section 38.001, then appellate attorney's fees are also mandatory when proof of reasonable fees is presented." *Ventling*, 466 S.W.3d at 154.

5

"The issue of appellate attorney's fees is a matter for the district court following resolution of an appeal." *Instone Travel Tech Marine & Offshore v. Int'l. Shipping Ptnrs.*, 334 F.3d 423, 433 (5th Cir. 2003).

Here, EHO is entitled to recover its reasonable attorney's fees for the trial and appeal of this case under Chapter 38 of the Texas Civil Practice and Remedies Code. Indeed, EHO successfully proved at trial that Opalich breached multiple provisions of his Executive Employment Agreement with EHO, and the Court awarded EHO damages and a permanent injunction based on Opalich's breaches. *See* ECF Doc. 184 at pp. 7-9, 11-12. Moreover, on appeal, EHO prevailed on every issue raised by Opalich, and the Fifth Circuit affirmed this Court's judgment in its entirety. Consequently, as this Court has already held, EHO is entitled to recover its reasonable attorneys' fees under Texas Civil Practice and Remedies Code § 38.001.

**B.    EHO's Requested Attorneys' Fees Are Reasonable.**

**1.    Applicable Legal Standards**

"The trial court has the discretion to determine the appropriate amount of attorneys' fees following a successful claim under § 38.001." *Coffel*, 284 F.3d at 640-41. Texas law creates a rebuttable presumption that "the usual and customary attorney's fees for a claim of the type described in Section 38.001 are reasonable." Tex. Civ. Prac. & Rem. Code § 38.003; *see also Am. Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482, 492-93 (5th Cir. 2004). A party seeking to recover attorneys' fees under Chapter 38 must clear "a minimal threshold" to be entitled to the reasonableness presumption, which merely requires "some evidence to show that the fees being sought are usual and customary." *Am. Home Assur. Co.*, 378 F.3d at 493. In evaluating a request for attorneys' fees, the Court may take judicial notice of the usual and customary fees and the contents of the case file without receiving further evidence. Tex. Civ. Prac. & Rem. Code § 38.004.

6

The primary method of determining a reasonable fee award is the lodestar method. *Structural Metals, Inc. v. S&C Elec. Co.*, 590 Fed.Appx. 298, 307 (5th Cir. 2014). The application of the lodestar method entails three steps: (1) the Court first determines the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work; (2) the Court then multiplies the number of hours by the applicable rate, yielding the lodestar; and (3) finally, the Court adjusts the lodestar up or down based on various reasonableness factors. *Id.* at 308. The reasonableness factors considered in the third step of the lodestar method include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood that the acceptance of particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the attorneys; and (8) whether the fee is fixed or contingent. *Arthur Anderson & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

### 2.    EHO's Requested Fees Are Presumptively Reasonable.

EHO has incurred a total of $1,077,847.44 in attorneys' fees prosecuting this action through trial and appeal. After removing fees for discrete legal services which were related exclusively to (1) EHO's defense against Opalich's and his former co-defendant, Tammy Radcliff's, counterclaims, (2) post-trial motions to seal and obtain interest on the Court's judgment, and (3) fees solely related to Opalich's appellate arguments that did not directly concern EHO's breach of contract claims or Opalich's misuse of EHO's confidential information, EHO seeks to recover attorneys' fees in the amount of $940,627.10. EHO has presented evidence that this amount of fees is usual and customary in a case like this. APPX 005 ¶ 5; APPX 183 ¶ 5;

7

APPX 189 ¶ 12; APPX 193 ¶ 25.[1]   Accordingly, under Texas law, EHO's fees are presumed to

be reasonable, and Opalich bears the burden to rebut this presumption.  *See* Tex. Civ. Prac. & Rem.

Code § 38.003; *Am. Home Assur. Co.*, 378 F.3d at 493.

Given that Opalich represented to the Court that he and Radcliff had already spent more

than $700,000 on this litigation more than a month before trial, *see* ECF Doc. 118 at p. 1, EHO

anticipates that Opalich will not present any evidence rebutting the presumption that EHO's similar

attorneys' fees are usual and customary.  For this reason alone, EHO respectfully requests that the

Court find EHO's requested attorneys' fees to be usual, customary, and reasonable, and that the

Court award EHO the full amount of its requested attorneys' fees.

###### 3.    The Hours Spent By EHO's Counsel Were Reasonable and Necessary.

###### a.    Opalich and His Counsel's Litigation Tactics Required EHO's Counsel to Expend Significant Time and Resources Prosecuting this Case.

Although EHO's requested attorneys' fees are presumptively reasonable, the evidence

before the Court also confirms the reasonableness of EHO's requested fee award.  As an initial

matter, the evidence establishes that the hours spent by EHO's counsel were reasonable and

necessary.  Through March 31, 2023, EHO's counsel billed 1,443.1 hours for their prosecution of

EHO's claims in this action.  The hours billed by each of EHO's counsel during this time period

are set forth in the following chart:

---

[1] Citations to "APPX" refer to the Appendix to Plaintiff EHO360,LLC's Post-Appeal Motion for Attorneys' Fees
and Costs and Supporting Brief, which is being filed contemporaneously with this Motion and Supporting Brief.

| Counsel | Hours Billed |
|---|---|
| Lucas C. Wohlford | 1096.1 |
| Corey M. Weideman | 162.6 |
| Spencer R. Lockwood | 132.8 |
| Patrick Arnold | 19.6 |
| James L. Beausoleil | 13.3 |
| Jamie R. Welton | 10.6 |
| Kristin Burns | 8.1 |

*See* APPX 003-004 ¶¶ 5-12; APPX 009-180 (Duane Morris Invoices).

After March 31, 2023, EHO's counsel billed 340.5 hours in pursuing post-trial motions and defending this Court's judgment on appeal. The hours billed by each of EHO's counsel after March 31, 2023 are set forth below:

| Counsel | Hours Billed |
|---|---|
| Lucas C. Wohlford | 293 |
| Spencer Lockwood | 28 |
| Sadie Butler | 18.1 |
| Corey M. Weideman | 1.4 |

*See* APPX 187-88 ¶¶ 5-9; APPX 196-255.

The facts and circumstances of this case demonstrate that the hours billed by EHO's counsel were both reasonable and necessary. As discussed above, from the outset of this lawsuit, Opalich and his co-defendants did not simply deny and defend against EHO's claims, they

repeatedly alleged that EHO's claims were frivolous, baseless, and fabricated, and they claimed that EHO and its counsel should be sanctioned for even pursuing EHO's claims. And Opalich and his counsel persisted in this recalcitrant litigation strategy for nearly two years until Opalich basically confessed at trial, which required EHO's counsel to expend significant time and resources at every turn. Then, following trial, Opalich pursued a highly dubious appeal in which he argued, among other things, that this Court clearly erred in finding that he misused EHO's confidential information, despite his numerous admissions at trial that he repeatedly misused EHO's confidential information for his own and HospisRx's benefit. The following are but a few examples of Opalich's and his counsel's unnecessarily aggressive and obdurate litigation strategy.

On May 28, 2021, Opalich and his co-defendants filed a motion to dismiss, in which they claimed EHO's "only purpose in filing this lawsuit is to harass Defendants," accused EHO of engaging in a "willful effort to smear the reputations of the Defendants (especially Mr. Opalich)," and brazenly asserted that EHO had made knowingly false statements in its Complaint. *See* ECF Doc. 16 at pp. 1-2.

On June 9, 2021, Opalich and his co-defendants filed an opposition to EHO's Motion for Preliminary Injunction, in which they called this action a "farce of a lawsuit" and claimed that neither Opalich nor any other defendants possessed or had used any of EHO's confidential information. *See, generally,* ECF Doc. 20. Significantly, Opalich and his co-defendants persuaded the Court to deny EHO's Motion for Preliminary Injunction with sworn declarations stating unequivocally that they did not possess and had not used any of EHO's confidential information. *See* ECF Doc. 21 at APPX 00002-00009, APPX 00024-0032. As EHO conclusively proved at trial, Opalich's sworn declaration, submitted to the Court under penalty of perjury, was false, as Opalich had repeatedly used EHO's confidential information for his own and others' benefit before

10

he submitted his false declaration, and he continued to misuse EHO's confidential information after he persuaded the Court to deny EHO's Motion for Preliminary Injunction.

On April 15, 2022, EHO was forced to file a Motion to Compel and Request for Discovery Sanctions because Opalich and Radcliff refused to produce manifestly relevant documents related to HospisRx based on the ridiculous argument that, because Opalich and Radcliff (falsely) claimed they had not used EHO's confidential information in the formation and operation of HospisRx, documents related to HospisRx were not relevant. *See* ECF Docs. 60, 63, and 66. In opposing EHO's Motion to Compel, Opalich again submitted a sworn declaration to this Court under penalty of perjury in which he stated that he was "not in possession of any EHO Documents or any documents or communications about any EHO Client or Potential EHO Client other than what I have produced in this litigation," and that he had "not used any of [EHO's] confidential information in my work with HospisRx." *See* ECF Doc. 64 at APP 003 ¶ 6, APP 009 ¶ 35. As EHO conclusively proved at trial, this sworn declaration was also false.

After Magistrate Judge Horan granted EHO's Motion to Compel, on June 21, 2022, Opalich and Radcliff filed an Objection to Judge Horan's Order in which they argued that Opalich's and Radcliff's (false) declarations proved they did not possess any of EHO's confidential information, and, therefore, this Court should overrule Judge Horan's order on EHO's Motion to Compel. *See* ECF Doc. 70. EHO was forced to incur significant attorneys' fees for its counsel's preparation of a response to Opalich and Radcliff's objection to Judge Horan's Order, and the Court ultimately affirmed Judge Horan's Order, including the imposition of sanctions for Opalich and Radcliff's discovery misconduct. *See* ECF Docs. 75 and 79. And, as demonstrated at trial, the documents Opalich and Radcliff finally produced under compulsion by the Court proved beyond any reasonable dispute that Opalich had made false statements in the sworn

declarations he submitted to the Court and that he repeatedly misused EHO's confidential information to form and operate HospisRx.

On October 28, 2022, EHO was forced to file a Motion for Protective Order because Opalich and his counsel insisted on taking the deposition of EHO's general counsel to obtain completely irrelevant or only tangentially relevant information that they could have obtained through other means. *See* ECF Docs. 95, 96, 99, and 100. As Judge Horan concluded in granting EHO's Motion for Protective Order, the information Opalich sought in a deposition of EHO's general counsel was either available from other sources, not crucial to the case, or, in some instances, not even relevant. *See* ECF Doc. 102.

On December 29, 2022, Opalich and Radcliff filed a Motion for Summary Judgment, in which they sought dismissal of all of EHO's claims, which they characterized as "baseless," and had the temerity request "appropriate sanctions for EHO's frivolous continuation of this lawsuit and unwarranted disruption of their efforts to build HospisRx." *See* ECF Doc. 106. EHO was forced to incur significant attorneys' fees for its counsel's preparation of a nearly 50-page response to Opalich and Radcliff's Motion for Summary Judgment and marshalling of nearly 1,200 pages of evidence supporting EHO's claims. *See* ECF Docs. 113 and 114. The Court ultimately denied Opalich and Radcliff's Motion for Summary Judgment in its entirety. *See* ECF Doc. 140.

Finally, Opalich's primary argument on appeal was that this Court clearly erred in finding that he misused EHO's confidential information and failed to sufficiently articulate the basis for its finding. Again, this argument is patently baseless in light of Opalich's numerous admissions that he repeatedly misused EHO's confidential information for his own and HospisRx's benefit and this Court's detailed oral and written findings of fact on this central issue. Nevertheless, EHO

was forced to expend significant time and resources preparing briefing and oral argument on this issue in the Fifth Circuit.

In light of Opalich and his counsel's unnecessarily aggressive and recalcitrant litigation tactics, even in the face of undeniable proof that EHO's claims and this Court's judgment were amply supported by evidence and the applicable law, there can be no serious dispute that the hours billed by EHO's counsel in this action were reasonable and necessary.

<strong>b.    Although EHO was not Required to Segregate its Fees, it has Segregated Unrecoverable Fees Where Possible.</strong>

Under Texas law, "if any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313-14 (Tex. 2006); *see also ATOM Instrument Corp. v. Petroleum Analyzer Co.*, 969 F.3d 210, 217 (5th Cir. 2020). On the other hand, "when discrete legal services advance both a recoverable and unrecoverable claim [ ] they are so intertwined that they need not be segregated." *Chapa*, 212 S.W.3d at 313-14; *ATOM*, 969 F.3d at 217. Indeed, fees incurred in connection with a recoverable claim do not become unrecoverable simply because they also furthered an unrecoverable claim. *See Transverse, LLC v. Iowa Wireless Svcs., LLC*, 992 F.3d 336, 346 (5th Cir. 2021) ("fees incurred defending the TTLA claim do not become unrecoverable simply because they may have furthered another non-recoverable claim as well"); *Chapa*, 212 S.W.3d at 313.

"Texas provides no general rule for determining when claims are sufficiently intertwined" that segregation of fees is unnecessary. *Transverse*, 992 F.3d at 344. However, the Fifth Circuit, federal district courts, and Texas appellate courts have all found that segregation of fees is not required when recoverable and unrecoverable claims require the same proof. *See, e.g., Transverse*, 992 F.3d at 344-45 (explaining that claims which "tended to collapse into one analysis" were

13

inextricably intertwined); *ATOM*, 969 F.3d at 218 (affirming district court's determination that segregation was not required when recoverable and unrecoverable claims required same proof); *Recursion Software, Inc. v. Double-Take Software, Inc.*, 2013 WL 12403528, at *7 (E.D. Tex. Jan. 3, 2013) (holding segregation was not required because "the resolution of the breach of contract claim also resolved Recursion's copyright claim and vice versa"); *7979 Airport Garage, LLC v. Dollar Rent A Car Sys., Inc.*, 245 S.W.3d 488, 509 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (holding segregation was not required when "the evidence Dollar presented in prosecuting its breach of contract claim was also dispositive of its claim for breach of the implied warranty of suitability and 7979's counterclaims"). As the Texas Supreme Court explained in *Chapa*, when multiple claims are based on the same facts, "many if not most legal fees in such cases cannot and need not be precisely allocated to one claim or the other." *Chapa*, 212 S.W.3d at 313.

Here, EHO's breach of contract claims against Opalich are so intertwined with and inseparable from all of EHO's other claims in this case, it is largely impossible to segregate the time spent on advancing EHO's breach of contract claims against Opalich from the time spent on EHO's other claims against Opalich and the other defendants in this case. Indeed, all of EHO's claims against Opalich and the other defendants arise from Opalich's repeated misuse of EHO's confidential information to form and operate a competing business in concert with the other defendants. *See generally* ECF Doc. 1. With respect to Opalich specifically, EHO has alleged from the outset that: (a) Opalich breached his employment agreement with EHO by, among other things, "disclosing EHO's confidential information and using it for his own and others' benefit . . . and failing to return EHO's confidential information upon the termination of his employment;" (b) Opalich breached his fiduciary duties to EHO by, among other things, "disclosing EHO's confidential information and using it for his own and others' benefit;" and (c) Opalich fraudulently

induced EHO to pay him more than $70,000 in severance by falsely representing to EHO that he had returned all of EHO's confidential information, permanently deleted all of EHO's confidential information from any personal devices, and did not share or disclose any of EHO's confidential information.  *See* ECF Doc. 1 ¶¶ 58, 62, 65.  Notably, Opalich conceded on appeal that all of EHO's claims arise from and relate to his protracted misuse of EHO's confidential information.  Specifically, Opalich argued to the Fifth Circuit that this Court's finding that Opalich misused EHO's confidential information "was critical to each of the three theories of liability EHO had pursued."  *See EHO360, LLC v. Opalich*, Case No. 23-10484, (5th Cir.), Fifth Circuit ECF Doc. 46 at 2.

Because all of EHO's claims arise from and relate to Opalich's misuse of EHO's confidential information, all of the time EHO's counsel spent prosecuting EHO's claims necessarily advanced EHO's breach of contract claims against Opalich as well as all of EHO's other claims.  Accordingly, EHO is not required to segregate the time it's counsel spent pursuing its breach of contract claims against Opalich from the time its counsel spent pursuing its other claims.

Nevertheless, EHO has endeavored to segregate unrecoverable fees where possible.  Specifically, EHO is not seeking a fee award for: (1) the fees it incurred in defending against Opalich's and Radcliff's counterclaims, which amounted to $31,788.00, APPX 006 ¶ 16; (2) the fees it incurred in preparing post-trial motions to seal and obtain interest on the Court's judgment, APPX 189-93 ¶¶ 13-24; and (3) fees solely related to Opalich's appellate arguments that did not concern EHO's breach of contract claims or his misuse of EHO's confidential information.  APPX 189-93 ¶¶ 13-24.  In addition, EHO has already recovered the $15,000.00 discovery sanction imposed by the Court to reimburse EHO for the fees it incurred in pursuing its Motion to Compel,

15

and EHO has also reduced its fee request by that amount. APPX 006 ¶ 16. After segregation of these amounts, EHO respectfully requests and is entitled to a fee award in the amount of $940,627.10.

### 4.    The Hourly Rates for EHO's Counsel Are Reasonable.

The evidence also establishes that the hourly rates charged by EHO's counsel are reasonable. The proper test for determining a reasonable hourly rate is to review the prevailing market rates for similarly situated attorneys in the community. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

Here, EHO's counsel charged the following average rates for services performed through March 31, 2023:

| Counsel | Average Hourly Rate |
|---|---|
| James L. Beausoleil | $940.00 |
| Jamie R. Welton | $850.94 |
| Corey M. Weideman | $791.68 |
| Lucas C. Wohlford | $581.53 |
| Kristin Burns | $485.00 |
| Spencer Lockwood | $461.57 |
| Patrick Arnold | $435.00 |

*See* APPX 003-004 ¶¶ 5-12.

16

In addition, EHO's counsel charged the following average rates for post-trial and appellate work performed after March 31, 2023:

| Counsel | Average Hourly Rate |
|---|---|
| Corey M. Weideman | $855 |
| Lucas C. Wohlford | $640.02 |
| Spencer Lockwood | $465 |
| Sadie Butler | $453.31 |

*See* APPX 187-88 ¶¶ 5-9.

EHO has presented evidence that these hourly rates are consistent with the prevailing rates in Dallas for attorneys of similar skill and experience.  APPX 006-007 ¶18; APPX 183-84 ¶ 6; APPX 193 ¶ 25.  Further, a review of fee decisions in the Northern District of Texas confirms that these rates are reasonable and consistent with prevailing rates in the Dallas market.  *See, e.g., Miller v. Raytheon Co.*, 2013 WL 6838302, at *8-*9 (N.D. Tex. Dec. 27, 2013) (finding that, in 2013, $685 per hour was a reasonable hourly rate for a partner-level attorney with extensive experience and noting that high-billing partners at large Dallas law firms charged $815 and $830 per hour in 2012); *Michaels Stores Procurement Co. v. DMR Construction, Inc.*, 2019 WL 399074, at *2 (N.D. Tex. Jan. 31, 2019) (Boyle, J.) (finding that, in 2019, hourly rates of $675 for partner-level attorney and $375 for an associate level attorney were reasonable).  Accordingly, EHO respectfully requests that the Court find the hourly rates for EHO's counsel are reasonable and customary.

     5.      **The *Arthur Anderson* Factors Further Support EHO's Requested Fee Award.**

As set forth above, the hours expended by EHO's counsel were reasonable and necessary and the hourly rates charged by EHO's counsel were reasonable and customary. In addition, the *Arthur Anderson* factors further support EHO's requested fee award.

The United States Supreme Court has explained that perhaps the most important factor in the analysis is the "results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," which normally "will encompass all hours reasonably expended on the litigation." *Id.* at 435. Further, "in some cases of exceptional success an enhanced award may be justified." *Id.*

Here, EHO prevailed on every single claim it asserted against Opalich, and was awarded not only substantial damages, but also incredibly valuable injunctive relief and exemplary damages. *See* ECF Docs. 184 and 185. Likewise, EHO prevailed on every single argument raised by Opalich on appeal, and the Fifth Circuit summarily rejected Opalich's baseless arguments only three days after oral argument. Accordingly, it is beyond dispute that EHO's counsel obtained excellent results that justify the Court awarding the full amount of fees requested.

Further, the time and labor required and skill requisite to perform the legal services properly also justify EHO's requested fee award. As discussed above, Opalich and his counsel's unnecessarily aggressive litigation tactics required EHO's counsel to spend significant time and resources at every turn of this case. Among other things, EHO had to file a Motion to Compel just to obtain the manifestly relevant documents that it ultimately used at trial to prove its claims, EHO had to file a Motion for Protective Order to prevent Opalich and his counsel from taking a wholly unnecessary deposition of EHO's general counsel, EHO had to spend significant time and resources responding to Opalich's Motion for Summary Judgment, which was largely based on false declarations Opalich had previously submitted to this Court in opposition to EHO's Motion

for Preliminary Injunction and Motion to Compel, and EHO had to spend significant time and resources defending this Court's judgment from Opalich's baseless appellate arguments. At every turn, Opalich and his counsel not only denied and defended against EHO's claims, but they derided EHO and its counsel and claimed that EHO and its counsel should be sanctioned for even pursuing EHO's claims.

In short, EHO respectfully submits that the excellent results obtained by EHO, and the time, labor, and skill required to obtain those excellent results, further support EHO's requested fee award.

**C.    EHO is Entitled to Recover its Costs from Opalich.**

"A prevailing party in a civil action is entitled to recover its costs unless a federal statute, the federal rules, or the court provides otherwise." *Michaels Stores*, 2019 WL 399074, at *2. "Taxable court costs include: (1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of the deposition transcript; (3) witness fees and related expenses; (4) printing costs; and (5) fees for copies of papers necessarily obtained for use in the case." *Id.*

Here, EHO respectfully requests that the Court award it costs in the amount of $25,982.13. Such costs include filing fees, deposition costs, and printing and copying costs associated with EHO's trial exhibit binders. APPX 007 ¶ 19. Each of these costs is properly taxable under 28 U.S.C. § 1920.

## <u>CONCLUSION</u>

For the foregoing reasons, EHO respectfully requests that the Court award it reasonable and necessary attorneys' fees in the amount of $940,627.10, as well as its taxable costs in the amount of $25,982.13.

Dated: February 29, 2024                    Respectfully submitted,

                                    By:    /s/ Lucas C. Wohlford
                                            Lucas C. Wohlford (TX Bar # 24070871)
                                            DUANE MORRIS LLP
                                            100 Crescent Court, Suite 1200
                                            Dallas, TX 75201
                                            Telephone: (214) 257-7214
                                            Fax: (214) 853-5271
                                            Email: LWohlford@duanemorris.com

                                            ATTORNEYS FOR PLAINTIFF EHO360, LLC

## CERTIFICATE OF CONFERENCE

I hereby certify that, on February 26, 2024, I conferred with counsel for Defendant Nicholas Opalich regarding the foregoing Motion, and counsel for Mr. Opalich indicated that he is opposed to the relief requested in the Motion.

                                    /s/ Lucas C. Wohlford
                                    Lucas C. Wohlford

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on February 29, 2024, a true and correct copy of the above and foregoing was filed using the Court's CM/ECF system, which will provide electronic service of the foregoing to all counsel of record who have appeared in the case.

                                    /s/ Lucas C. Wohlford
                                    Lucas C. Wohlford