UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EHO360, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-0724-B |
| | § | |
| NICHOLAS OPALICH, | § | |
| | § | |
| Defendant. | § | |

### ORDER

Before the Court is Plaintiff EHO360, LLC ("EHO")'s Post-Appeal Motion for Attorneys' Fees and Costs (Doc. 207). EHO prevailed on its breach of contract against Defendant Nicholas Opalich and now asks that the Court award it $940,627.10 in reasonable attorneys' fees and $25,982.13 in taxable costs under Chapter 38 of the Texas Civil Practices and Remedies Code. *Id.* at 4–6, 19. For the following reasons, the Court **GRANTS IN PART** the Motion (Doc. 207). However, the Court cannot enter an award of attorneys' fees at this time because EHO has not properly segregated the fees incurred in bringing its contract claim against Opalich from the fees incurred in bringing its other, nonrecoverable claims. The Court thus **ORDERS** EHO to supplement its Motion with evidence segregating its recoverable fees from nonrecoverable fees within **twenty-one (21) days** of the date of this Order. The Court **DEFERS** entering an award of attorneys' fees and costs until it receives the parties' supplemental materials.

EHO initiated this suit on March 29, 2021, against Opalich and Tammy Radcliff, among others. Doc. 1, Compl., ¶¶ 3–4. EHO's operative pleading in this case, its Second Amended

Complaint, asserted five causes of action against Opalich and Radcliff. Against Opalich, EHO brought claims for (1) breach of contract, (2) breach of fiduciary duty, and (3) fraudulent inducement. Doc. 42, Am. Compl., ¶¶ 64–79. Against Radcliff, EHO brought claims for (4) breach of contract and (5) breach of fiduciary duty. *Id.* ¶¶ 80–88.

The Court conducted the trial of this case from March 27, 2023, to March 31, 2023. Doc. 164, Order. On April 4, 2023, the Court severed EHO's claims against Opalich from its claims against Radcliff, *id.*, and entered its findings of fact and conclusions of law as to the claims against Opalich. Doc. 165, Findings & Conclusions. The Court found in favor of EHO on all three of its claims against Opalich. *See* Doc. 166, Judgment. Opalich appealed this Court's Judgment, and the Fifth Circuit affirmed. *See* Doc. 209, Order.

EHO now seeks its reasonable trial and appellate fees incurred in bringing its breach of contract claim against Opalich. *See* Doc. 207, Mot. EHO's Motion is fully briefed and ripe for review. The Court considers it below.

A.     *EHO is Entitled to Attorneys' Fees*

EHO is entitled to its trial and appellate fees incurred in bringing its breach of contract claim against Opalich because EHO prevailed on that claim. In Texas, a prevailing party in a civil action for breach of an oral or written contract is entitled to recover attorneys' fees. *See* TEX. CIV. PRAC. & REM. CODE § 38.001(8). While § 38.001(8) "uses the term 'may,' the Texas Supreme Court has declared that attorneys' fees under [§] 38.001 are not discretionary." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 n.2 (5th Cir. 2000) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998)). Here, EHO asserted a state-law claim for breach of a written contract against Opalich. Doc. 184, Am. Findings & Conclusions, 2. The Court found that Opalich breached his contract with EHO and thus awarded EHO actual damages on its contract claim. *Id.* at 13–14.

Therefore, EHO prevailed on its contract claim and is entitled to attorneys' fees under § 38.001(8). *See Guardian Life Ins. Co. v. Kinder*, 663 F. Supp. 2d 544, 560 (S.D. Tex. 2009) ("In order to recover attorney's fees pursuant to § 38.001, a party must be a prevailing party and recover actual damages on its claim."). Moreover, "[i]f trial attorney's fees are mandatory under section 38.001, then appellate attorney's fees are also mandatory when proof of reasonable fees is presented." *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015). Here, EHO has presented some evidence of the reasonable attorneys' fees it purportedly incurred in defending against Opalich's appeal of the Court's judgment on the contract claim, which the Fifth Circuit affirmed. *See* Doc. 208, App'x; Doc. 209, Order. Accordingly, EHO is likewise entitled to its reasonable appellate fees. For these reasons, the Court **GRANTS** EHO's Motion (Doc. 207).

B.      *Segregation of Fees*

"When a lawsuit involves multiple claims or parties, the proponent of attorney's fees must segregate recoverable fees from those incurred by parties or on claims for which fees are not recoverable." *Clearview Props., L.P. v. Prop. Texas SC One Corp.*, 287 S.W.3d 132, 143 (Tex. App.–Houston [14th Dist.] 2009, pet. denied). Thus, "if any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006). However, "[a] recognized exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts." *Turner v. Ewing*, 625 S.W.3d 510, 525 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (quotations omitted) (citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11–12 (Tex. 1991)). "Therefore, when the causes of action involved in the suit are dependent upon the same set of facts or circumstances and

thus are intertwined to the point of being inseparable, the party suing for attorney's fees may recover the entire amount covering all claims." *Id.* (quotations omitted) (citing *Sterling*, 822 S.W.2d at 11–12).

Here, EHO asserted five claims against two defendants: Opalich and Radcliff. Doc. 42, Am. Compl., ¶¶ 3–4, 64–88. Against Opalich, EHO brought claims for breach of contract, breach of fiduciary duty, and fraudulent inducement. *Id.* ¶¶ 64–79. Against Radcliff, EHO asserted claims for breach of contract and breach of fiduciary duty. *Id.* ¶¶ 80–88. The parties seemingly agree that EHO's fees in prosecuting the two claims against Radcliff are not recoverable against Opalich under Chapter 38. And EHO does not contend that Texas law authorizes recovery of its fees incurred in bringing the fiduciary duty and fraudulent inducement claims against Opalich. *Cf.* Doc. 207, Mot., 13–16. However, EHO now seeks to recover essentially all of the attorneys' fees incurred in prosecuting each of the five claims it asserted, even though Texas law only permits recovery of such fees for a single claim—the breach of contract claim against Opalich. *See id.* at 4, 19. EHO argues that it was not required to segregate any of the fees it incurred in prosecuting the four nonrecoverable claims because those claims were "so intertwined with and inseparable from" EHO's contract claim against Opalich that segregation would have been "largely impossible." *Id.* at 14. The Court is not persuaded.

To begin, EHO was, at the very least, required to segregate the fees it incurred in prosecuting its two claims—breach of contract and breach of fiduciary duty—against Radcliff because those causes of action are not "dependent upon the same set of facts or circumstances" as EHO's contract claim against Opalich. *Biliouris v. Sundance Res., Inc.*, No. 3:07-CV-1591-N, 2010 WL 11515567, at *2 (N.D. Tex. Nov. 3, 2010) (Godbey, J.) (citations omitted). The Court starts with the breach of contract claim against Radcliff. EHO alleged that Radcliff and Opalich entered

into, and subsequently breached, *separate* contracts with EHO. *See* Doc. 42, Am. Compl., ¶¶ 65, 81. And these two, distinct contract claims necessarily rested on two, distinct sets of facts. *See DMC Valley Ranch, L.L.C. v. HPSC, Inc.*, 315 S.W.3d 898, 906 (Tex. App.—Dallas 2010, no pet.); *Energico Prod., Inc. v. Frost Nat. Bank*, No. 02-11-00148-CV, 2012 WL 254093, at *6 (Tex. App.—Fort Worth Jan. 26, 2012, pet denied). EHO needed to prove one set of facts to prevail on its contract claim against Opalich—i.e., that Opalich contracted with EHO and that Opalich subsequently breached that contract—and an entirely separate set of facts to prevail on its contract claim against Radcliff—i.e., that Radcliff contracted with EHO and that Radcliff subsequently breached that contract. *Cf.* Doc. 140, Order, 11–17. For similar reasons, EHO's fiduciary duty claim against Radcliff also rests on a distinct set of facts. *See Turner*, 625 S.W.3d at 525. Proof on EHO's contract claim against Opalich does nothing to show that Radcliff owed or breached a fiduciary duty. *See id.* (explaining that segregation is only excused where recoverable and nonrecoverable claims "are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts"). For these reasons, EHO must segregate the fees it incurred in prosecuting the contract claim against Opalich from the fees it incurred in prosecuting the two claims against Radcliff.

EHO must also segregate its recoverable fees on the contract claim from the nonrecoverable fees it incurred in bringing its fiduciary duty and fraudulent inducement claims against Opalich. EHO argues that it has no duty to segregate because all three claims concerned Opalich's "misuse of EHO's confidential information." Doc. 207, Mot., 15. While this may be true, "that does not mean [these claims] all require the same research, discovery, proof, or legal expertise." *Hillegeist Fam. Enters., LLP v. Hillegeist*, 667 S.W.3d 349, 359 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (citation and alteration omitted). For instance, the time EHO's attorneys spent drafting the

portion of the Amended Complaint that sets forth the claims for breach of fiduciary duty and fraudulent inducement against Opalich do not become recoverable simply because these claims arose from facts similar to EHO's breach of contract claim. *See Chapa*, 212 S.W.3d at 313 ("But when [plaintiff's] attorneys were drafting her pleadings or the jury charge relating to fraud, there is no question those fees were not recoverable."). Nor is EHO entitled to the fees it incurred in researching and defending its fiduciary duty and fraudulent inducement claims in response to Opalich's motion for summary judgment on those claims. *See id.*; Doc. 113, Pl.'s Resp. Br., 27–32, 40–49. Moreover, the fact that EHO was able to segregate the amount of fees it incurred responding to "Opalich's appellate arguments that did not concern EHO's breach of contract claims or his misuse of EHO's confidential information" further suggests that the claims were not so interrelated as to render segregation impossible. *See* Doc. 207, Mot., 15. If the fees were segregable on appeal, the Court sees no reason why they could not have been segregated when this matter was initially pending before this Court. In sum, EHO's fraudulent inducement and fiduciary duty claims involved factual development and legal analysis that was distinct from that required for the breach of contract claim. *See Turner*, 625 S.W.3d at 525. Accordingly, EHO must segregate its fees incurred in prosecuting its fiduciary duty and fraudulent inducement claims against Opalich from its contract claim against Opalich.

C.     *EHO Has Not Properly Segregated its Fees*

Through March 31, 2023 (the final date of trial), EHO incurred a total of $861,419.50 in attorneys' fees. However, EHO claims that "[a]fter proper segregation of its fees where possible and subtracting the fees EHO has already recovered in the form of discovery sanctions," it only seeks $814,631.50 in attorneys' fees. Doc. 207, Mot., 4. Thus, EHO segregated a total of $46,788.00 from its fee request. *See id.* The amounts segregated consist of $31,788.00 that EHO spent in defending

against Opalich and Radcliff's counterclaims and $15,000 that was awarded to EHO for fees incurred in bringing a discovery motion. *See id.* at 4, 15–16. But it appears that EHO did not otherwise segregate any amounts incurred for prosecuting its two claims against Radcliff or its breach of fiduciary duty and fraudulent inducement claims against Opalich. *See id.* This was improper. *See Chapa*, 212 S.W.3d at 313–16.

Nevertheless, "[a] failure to segregate attorney's fees does not mean that the claimant cannot recover any attorney's fees." *SCA Promotions, Inc. v. Yahoo! Inc.*, No. 3:14-CV-957-O, 2016 WL 8223206, at *5 (N.D. Tex. Nov. 21, 2016) (Ramirez, M.J.) (citations omitted), *report and recommendation adopted*, No. 3:14-CV-00957-O, 2017 WL 514545 (N.D. Tex. Feb. 8, 2017) (O'Connor, J.). Indeed, "[e]ven where the fee applicant fails to adequately segregate, unsegregated attorney's fees for the entire case are some evidence of what the segregated amount should be." *Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*, 992 F.3d 336, 346 (5th Cir. 2021) (citations and alterations omitted). But in this case, aside from the figure supplied by EHO, the Court has no additional evidence from which it could calculate with any degree of certainty the amounts that should be segregated.

Accordingly, the Court **ORDERS** EHO to supplement its Motion for attorneys' fees with evidence segregating the fees it incurred on its unrecoverable claims from its fees incurred on its breach of contract claim against Opalich. Such additional evidence need not consist of "separate time records" for each claim. *Id.* (citations omitted). Instead, because "Texas's standard for fee segregation does not require more precise proof for attorney's fees than for any other claims or expenses," *id.*, EHO may present evidence of the "estimated amount of time spent on a recoverable claim expressed as a percentage of total time spent on the entire case," *Biliouris*, 2010 WL 11515567, at *2.

EHO must supplement its Motion within **twenty-one (21) days** of the date of this Order. Opalich may file a response within **twenty-one (21)** days of the date EHO supplements its Motion, and EHO may file a reply brief **within fourteen (14)** days of the date any response is filed. The Court **DEFERS** entering an award of attorneys' fees and costs until it receives the parties' supplemental materials.

**SO ORDERED.**

**SIGNED: September 4, 2024.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE