UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EHO360, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-0724-B |
| | § | |
| NICHOLAS OPALICH, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff EHO360, LLC ("EHO")'s Post-Appeal Motion for Attorneys' Fees and Costs (Docs. 207, 214). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** EHO's Motion. An amended final judgment will follow.

## I.

## BACKGROUND

EHO prevailed on its breach of contract claim against Defendant Nicholas Opalich and asked the Court to award it $940,627.10 in attorneys' fees and $25,982.13 in costs under Chapter 38 of the Texas Civil Practices and Remedies Code. Doc. 207, Mot. 4–6, 19. The Court held that EHO was entitled to attorneys' fees only on its breach of contract claim. Doc. 213 Order, 7. But because EHO did not segregate fees incurred on its breach of contract claim from fees incurred on its other claims, the Court deferred entering an award of attorneys' fees and costs. *Id.* The Court ordered EHO to supplement its Motion with evidence segregating the fees incurred on its breach of contract claim against Opalich from its other fees.

-1-

EHO supplemented its Motion and now requests $642,545.40 in attorneys' fees and $25,982.13 in costs. Doc. 214, Suppl. Doc., 4. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under Texas law, "[w]hen a claimant wishes to obtain attorney's fees from the opposing party, the claimant must prove that the requested fees are both reasonable and necessary." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019). The party seeking attorneys' fees must provide, "at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.* at 502. Texas courts use a two-step lodestar method to evaluate reasonableness and necessity. *Id.* at 501. First, courts calculate the lodestar by multiplying the number of hours reasonably expended by the reasonable hourly rate for such work. *Id.* Second, courts determine whether the lodestar should be adjusted. *Id.* Courts apply eight factors to determine whether the lodestar should be adjusted. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

## III.

## ANALYSIS

The Court **GRANTS IN PART** and **DENIES IN PART** EHO's Motion for Attorneys' Fees. First, the Court finds EHO properly segregated unrecoverable fees. Second, the Court awards $568,862.40 in attorneys' fees. Third, the Court awards $19,982.13 in costs.

A. *EHO Properly Segregated Unrecoverable Fees.*

The Court ordered EHO to segregate the fees it incurred in prosecuting the contract claim against Opalich from the fees it incurred in prosecuting the two claims against Radcliff, a separate defendant. Doc. 213, Order, 4. EHO was also ordered to segregate its recoverable fees on the contract claim from the fees it incurred in bringing fiduciary duty and fraudulent inducement claims against Opalich, because EHO can only recover fees for the breach of contract claim under Texas law. *Id.* at 7. The Court noted that "EHO may present evidence of the 'estimated amount of time spent on a recoverable claim expressed as a percentage of total time spent on the entire case.'" *Id.* (quoting *Biliouris v. Sundance Res., Inc.*, No. 3:07-CV-1591-N, 2010 WL 11515567, at *2 (N.D. Tex. Nov. 3, 2010) (Godbey, J.)). The Court finds EHO properly segregated its claims.

"When a lawsuit involves multiple claims or parties, the proponent of attorney's fees must segregate recoverable fees from those incurred by parties or on claims for which fees are not recoverable." *Clearview Props., L.P. v. Prop. Tex. SC One Corp.*, 287 S.W.3d 132, 143 (Tex. App.–Houston [14th Dist.] 2009, pet. denied). But "fees need not be segregated where 'discrete legal services advance both a recoverable and unrecoverable claim.'" *Wease v. Ocwen Loan Servicing*, No. 3:13-cv-4107-B, 2021 WL 4991079, at *4 (N.D. Tex. Oct. 27, 2021) (Boyle, J.) (quoting *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313, 313–14 (Tex. 2006)). "Segregation evidence need not be extensive to be sufficient." *Anderton v. Green*, No. 05-19-01294-CV, 2021 WL 1115549, at *3 (Tex. App.–Dallas Mar. 24, 2021, no pet.). And attorneys need not separate their time records for their work on recoverable and unrecoverable claims. Instead, the attorney can provide testimony "concerning the percentage of hours that related solely to a claim for which fees are not recoverable."

*Id.* (quoting *RM Crowe Prop. Servs. Co., L.P. v. Strategic Energy, L.L.C.*, 348 S.W.3d 444, 453 (Tex. App.–Dallas 2011, no pet.)).

EHO "estimates that sixty-five percent (65%) of all time spent on this case through March 31, 2023, advanced EHO's breach of contract claims against Opalich." Doc. 214, Suppl. Doc., 3. Accordingly, EHO reduced its request by 35%. Opalich argues that EHO's "conclusory estimated segregation" is insufficient. Doc. 215, Resp., 3 (internal quotation omitted). The Court disagrees.

In *Biliouris*, "[a] claimant's estimated amount of time spent on a recoverable claim expressed as a percentage of total time spent on the entire case suffice[d] as appropriate fee segregation." 2010 WL 11515567, at *2. There, the court held that the plaintiffs properly segregated recoverable fees from unrecoverable fees by "estimating that counsel spent seventy percent of their billed time on recoverable causes of action." *Id.* Here too, EHO properly segregated its fees by estimating that its attorneys spent 65% of their time on recoverable causes of action.

Opalich argues that EHO "has failed to provide any evidence to support its purported segregation." Doc. 215, Resp., 4. But in *Chapa*, a case cited by Opalich, the Texas Supreme Court found that the "attorneys did not have to keep separate time records when they drafted the fraud, contract, or DTPA paragraphs" and that "an opinion would have sufficed stating that, for example, 95 percent of their drafting time would have been necessary even if there had been no fraud claim." *Chapa*, 212 S.W.3d at 314. Accordingly, the Court finds EHO properly segregated its fees.

B.    *The Court Awards $568,862.40 in Attorneys' Fees.*

The Court awards EHO $568,862.40 in attorneys' fees. First, the Court determines the lodestar amount is $568,862.40. Second, the Court finds the lodestar amount is reasonable.

1. The Lodestar Amount is $568,862.40.

After segregating its fees, EHO requests a total of $642,545.40 in attorneys' fees. Eight attorneys worked on this case with hourly rates ranging from $415 to $940 an hour. Doc. 208, App'x, 3–4, 187–88. EHO spent 1,783 hours on this matter, Doc. 207, Mot., 4, but after segregating their time, EHO seeks attorneys' fees for approximately 1,100 hours. *See* Doc. 214-1, Ex. 1, 2–3.

   i.   *The hourly rates are reasonable.*

EHO's attorneys' hourly rates are reasonable. A reasonable hourly rate should be similar to rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Opalich does not argue that the attorneys' rates are unreasonable. *See generally* Doc. 211, Resp. Therefore, the Court will focus its lodestar analysis on whether the number of hours expended was reasonable.

   ii.  *The number of hours expended was reasonable but a reduction is warranted because of redactions.*

Opalich argues that the number of hours expended was not reasonable because it was not proportionate to EHO's success and because EHO's invoices contained redactions and block-billing. Doc. 211, Resp., 4–9, 15–18. The Court finds that the number of hours billed was proportional to EHO's success but reduces EHO's fee award by $73,683 because of redacted billing records.

   a.   The number of hours expended was proportional to EHO's success.

Opalich argues that EHO "fired a bazooka at what was only a quail hunt," by overpreparing and over-litigating this case. Doc. 211, Resp., 6, 8. The Court awarded EHO $346,652.77 in actual damages and $500,000 in exemplary damages, and it permanently enjoined Opalich from using EHO's confidential information. Doc. 185, Am. Final Judgment, 1. However, EHO only received $2,294.46 for its breach of contract claim. Doc. 184, Am. Findings Fact & Conclusions Law, 9.

Because EHO is only entitled to attorneys' fees on its breach of contract claim, Opalich argues that the amount EHO seeks to recover is disproportionate to its success on the claim. The Court disagrees.

"[A]ttorney's fees should generally bear some reasonable relationship to the amount in controversy." *Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 153 (Tex. App.—Dallas 2012, no pet.). "Further, there is no rule that fees cannot be more than actual damages." *Id.* In some cases, "the attorneys' fees may greatly exceed the amount of damages." *Sandberg v. STMicroelectronics, Inc.*, 600 S.W.3d 511, 534 (Tex. App.—Dallas 2020, no pet.).

The Court finds that while the amount requested is not proportional to the dollar amount awarded to EHO for its breach of contract claim, it is proportional to EHO's success in its lawsuit and is not a result of over-preparing as Opalich suggests. This case was litigated over the course of two years with many roadblocks throughout. For example, EHO filed a Motion to Compel, which the Court granted to facilitate discovery. Doc. 60, Mot.; Doc. 69, Order. EHO then had to defend itself against Opalich's objections to the Court's order on the Motion to Compel, Doc. 70, Objection. The Court ultimately affirmed its previous Order and imposed sanctions on Opalich for discovery misconduct. Doc. 79, Mem. Op. & Order. EHO also had to file a Motion for Protective Order to prevent the deposition of EHO's general counsel, Doc. 95, Mot., which the Court also granted, Doc. 102, Order.

EHO also had to respond to Opalich's Motion for Summary Judgment, in which Opalich characterized all of EHO's claims as "baseless" and requested "appropriate sanctions for EHO's frivolous continuation of this lawsuit." Doc. 106, Mot. Summ. J., 46. The Court denied Opalich's Motion in its entirety. Doc. 140, Mem. Op. & Order, 1. Then after trial, EHO had to prepare

briefing and oral argument before the Fifth Circuit after Opalich appealed this Court's verdict. And the Fifth Circuit sided with EHO on every issue raised on appeal, affirming this Court's judgment in its entirety. *See EHO360 L.L.C. v. Opalich*, No. 3:21-CV-724, 2024 WL 492406, at *1 (5th Cir. Feb. 8, 2024).

Thus, EHO's costly legal bills are not a consequence of "overpreparing" or "overlitigation" as Opalich argues, but instead a result of responding to Opalich's discovery misconduct, motions practice, and appeal. Accordingly, the Court will not reduce the number of hours based on disproportionality.

      b. The Court reduces EHO's fee award by $73,683 for redactions but will not make any reductions for block-billing.

The Court reduces EHO's fee award by $73,683 to account for the 44 partially or wholly redacted entries in EHO's billing. *See* Doc. 211, Resp., 16; Doc. 208, App'x, 9–180. Courts allow parties to redact billing records so long as the Court still has sufficient information to determine the reasonableness of the fees. *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 800 (S.D. Tex. 2009). But "[r]edacted entries must be excluded if they do not provide sufficient information to classify and evaluate the activities and hours expended." *Id.* Here, the redactions make it impossible for the Court to determine if these entries were reasonable and properly segregated. Redacted entries include, for example: "Call with Ms. McKenna regarding [redacted]"; "Call to [redacted]"; "Call with Ms. McKenna regarding [redacted]." Doc. 208, App'x, 49, 58, 102. These do not provide enough information for the Court to determine the reasonableness of the fees. Accordingly, the Court subtracts $73,683 from the fee award based on inadequate documentation. *See Gray v. Fort Worth Indep. Sch. Dist.*, No. 4:09-CV-225-Y, 2011 WL 13233588, at *3 (N.D. Tex. July 27, 2011) (Means, J.).

EHO argues that "[n]early every redaction on EHO's invoices plainly redacts the substance of conversations with Ms. McKenna—EHO's general counsel—or EHO's principals." Doc. 212, Reply, 9. But the Court is unable to determine the reasonableness of the fees because it is unclear what occurred during those conversations. And "[a]lthough [EHO] arguably has valid privilege concerns . . . [EHO] could have submitted the redacted billing entries under seal or ex parte." *See Gray*, 2011 WL 13233588, at *3.

But the Court will not reduce the fee award based on block billing. Opalich requests a 30% reduction for block-billing. Doc. 211, Resp., 16–17. "The term block billing refers to the disfavored time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2015 WL 3999171, at *4 n.5 (N.D. Tex. July 1, 2015) (Fitzwater, J.) (internal citation and quotation omitted). Block billing "prevents the court from accurately determining the time spent on any particular task, thus impairing the court's evaluation of whether the hours were reasonably expended." *Id.* "[M]any courts reviewing block-billed time entries have performed a percentage reduction either in the number of hours or in the lodestar figure, typically ranging from 10% to 30." *Bramlett v. Med. Protective Co. of Fort Wyne, Ind.*, No. 3:09-cv-1596-D, 2010 WL 3294248, at *3 (N.D. Tex. Aug. 20, 2010) (Fitzwater, J.).

The Court disagrees that EHO's invoices "utilize[] extensive block billing." Doc. 211, Resp., 17. Instead of citing specific instances, Opalich makes a general assertion that all the invoices rely on block billing. *Id.* But EHO's billing entries generally describe the tasks performed and the amount of time each task took. *See generally* Doc. 208, App'x, 9–180. For example, one entry says "begin work

on proposed jury instructions" and documents that it took 1.9 hours. *Id.* at 151. Accordingly, the Court will not deduct time for block billing. The lodestar is $568,862.40.

2. The Lodestar Is Reasonable.

The lodestar is presumptively reasonable. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Courts may consider eight *Arthur Andersen* factors to determine whether to increase or decrease the value of the lodestar. 945 S.W.2d at 818. Opalich does not argue that the lodestar should be altered beyond making a conclusory statement that "[t]he matters in this litigation . . . were not novel." *See* Doc. 211, Resp., 15–18. The Court will not modify the lodestar based on this statement alone. EHO is entitled to $568,862.40 in attorneys' fees.

C.   *The Court Awards $19,982.13 in Costs.*

A prevailing party is entitled to recover its costs unless the Court or a statute directs otherwise. FED. R. CIV. P. 54(d). Taxable costs include fees for copies of papers necessarily obtained for use in the case. *See* 28 U.S.C. § 1920. The party seeking recovery of its costs bears the burden of proving the amount and necessity of its photocopying and printing expenses. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). EHO requests $25,982.13 in costs. Doc. 214, Supplemental Mot., 4. Opalich argues that the Court should deduct $11,934.33, which is for printing and copying "associated with the 'preparation of [EHO's] trial binders.'" Doc. 215, Resp., 7; Doc., 208, App'x, 7, 171. Opalich does not challenge the other costs EHO seeks to recover. The Court finds the amount billed for printing and copying excessive and deducts $6,000.

As Opalich notes, the parties' exhibits totaled approximately 5,000 pages, so assuming a printing rate of $0.25 a page, the total printing cost would be $1,250. Doc. 215, Resp., 7. The Court does not see how costs for printing could have been 10 times that amount. And EHO offers no

response beyond citing to the sworn declaration, which states $11,934.33 as the total cost for printing and copying trial exhibits. Doc. 212, Reply, 10; Doc. 208, App'x, 7. This statement is "too general to be of great assistance." *Chenault v. Dorel Indus., Inc.*, No. A-08-CA-354-SS, 2010 WL 3064007, at *3 (W.D. Tex. Aug. 2, 2010). "[B]ecause the printing and photocopying costs appear on their face to be excessive for a . . . [breach of contract] case, the Court finds the costs claimed in this category should be reduced by half." *Id.* Accordingly, the Court awards $19,982.13 in costs.

## IV.

## CONCLUSION

For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** EHO's motion (Docs. 207, 214). The Court awards $568,862.40 in attorneys' fees and $19,982.13 in costs. An amended final judgment will follow.

**SO ORDERED.**

**SIGNED: June 9, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE